**2017 IL 121048**


# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 121048)

PATRICIA ROZSAVOLGYI *et al.*, Appellants and Cross-Appellees, v. THE CITY OF
AURORA, Appellee and Cross-Appellant.


*Opinion filed October 19, 2017.*


JUSTICE GARMAN delivered the judgment of the court, with opinion.

Chief Justice Karmeier and Justices Kilbride and Theis concurred in the judgment and opinion.

Justice Burke dissented, with opinion, joined by Justices Freeman and Thomas.

**OPINION**

¶ 1 On November 13, 2012, plaintiff-appellant Patricia Rozsavolgyi filed a charge of discrimination on the basis of disability with the Illinois Department of Human Rights against the city of Aurora (City). Rozsavolgyi had been employed by the City from 1992 until she was involuntarily discharged on or around July 13, 2012. On November 18, 2013, Rozsavolgyi received a letter informing her that the time limitation for the Department of Human Rights to complete its investigation of the

charge had expired and that she had the right to commence a civil action in the appropriate state circuit court. 775 ILCS 5/7A-102(G) (West 2014). On January 22, 2014, Rozsavolgyi filed a four-count complaint in the circuit court of Kane County for civil rights violations in employment under the Illinois Human Rights Act. (775 ILCS 5/1-101 *et seq.* (West 2014)). On the basis of three interlocutory orders, the circuit court certified three questions for permissive interlocutory review to the appellate court under Illinois Supreme Court Rule 308 (eff. Jan 1, 2016). The appellate court allowed permissive interlocutory review and addressed each question. 2016 IL App (2d) 150493. Rozsavolgyi petitioned for rehearing or, alternatively, for a certificate of importance under Rule 316 as to only the third certified question. The appellate court denied Rozsavolgyi's petition for rehearing but granted her request for a certificate of importance to the Illinois Supreme Court. Ill. S. Ct. R. 316 (eff. Dec. 6, 2006). The Illinois Department of Human Rights (Department) was permitted leave to intervene as an additional appellant and to file a brief *instanter*. 735 ILCS 5/2-408(a)(2) (West 2014).

¶ 2                                                BACKGROUND

¶ 3        Rozsavolgyi's claims are brought under the provisions of the Human Rights Act. 775 ILCS 5/1-101 *et seq.* (West 2014). The City is an "employer" under the Human Rights Act. See 775 ILCS 5/2-101(B)(1)(c) (West 2014). Count I of Rozsavolgyi's complaint alleges that the City refused to accommodate Rozsavolgyi's disability. Count II alleges disparate treatment. Count III alleges retaliation by the City for Rozsavolgyi's request for a reasonable accommodation. Count IV alleges a hostile work environment on the basis of Rozsavolgyi's disability.

¶ 4        The City's answer raised six affirmative defenses and sought the striking and dismissal of counts I through IV. On October 17, 2014, the circuit court struck and dismissed counts I and IV of Rozsavolgyi's complaint for failure to state a cause of action, "finding that disability harassment is not a cause of action under the Illinois Human Rights Act." The City voluntarily withdrew its affirmative defenses aimed at counts I and IV. However, on January 23, 2015, the circuit court granted plaintiff's motion to reconsider, reinstated counts I and IV, and gave the City leave to file amended affirmative defenses.

¶ 5    Relevant here, the City's third, fourth, and fifth affirmative defenses are based on the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act). 745 ILCS 10/1 *et seq.* (West 2014). The City is a "local public entity" for purposes of the Tort Immunity Act. 745 ILCS 10/1-206 (West 2014). The City's third affirmative defense invokes supervisory immunity under section 3-108 of the Tort Immunity Act as to counts I and IV. 745 ILCS 10/3-108 (West 2014). The City's fourth affirmative defense asserts discretionary immunity under section 2-201 of the Tort Immunity Act as to counts I and IV. 745 ILCS 10/2-201 (West 2014). The City's fifth affirmative defense asserts immunity as to all counts based on section 2-103 of the Tort Immunity Act, which provides that "[a] local public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law." 745 ILCS 10/2-103 (West 2014).

¶ 6    Rozsavolgyi filed a motion to strike the City's amended affirmative defenses, and the City filed a motion for a Rule 308(a) finding. The circuit court ordered the parties to brief both motions and scheduled a hearing for April 22, 2015. On April 22, 2015, the circuit court denied Rozsavolgyi's motion to strike the City's first and second affirmative defenses (subject-matter jurisdiction and existence of employer policy) but granted the motion to strike the third, fourth, fifth, and sixth affirmative defenses. The circuit court, however, granted the City's motion for a Rule 308(a) finding and stayed counts II and III pending the interlocutory appeal. On April 29, 2015, the circuit court entered an order finding that the prior interlocutory orders dated October 17, 2014, January 23, 2015, and April 22, 2015, involved questions of law as to which there were substantial grounds for difference of opinion and that an appeal from these orders may materially advance the ultimate termination of the litigation. The circuit court certified the following questions for permissive interlocutory appellate review under Illinois Supreme Court Rule 308:

"1. Does section 2-102(A) of the Illinois Human Rights Act prohibit 'disability harassment' as a civil rights violation? Alternatively, do counts I & IV of Plaintiff's Complaint state cognizable civil rights violations under section 2-102(A) of the Illinois Human Rights Act?

2. If section 2-102(A) of the Illinois Human Rights Act permits a cause of action for disability harassment, does the statutory provision contained in section 2-102(D) of the Illinois Human Rights Act 'that an employer shall be

held responsible for sexual harassment of the employer's employees by nonemployees or nonmanagerial and nonsupervisory employees only if the employer becomes aware of the conduct and fails to take reasonable corrective measures' similarly apply to a cause of action for disability harassment brought under section 2-102(A) of the Illinois Human Rights Act?

If yes, does the employee or the employer bear the burden of alleging and proving that the employer is: (a) aware of the conduct by its nonmanagerial and nonsupervisory employees; and (b) fails to take reasonable corrective measures?

If no, can an employer assert the '*Faragher-Ellerth*' affirmative defense to a hostile work environment harassment claim brought under section 2-102(A) of the IHRA?

3. Does the Local Government[al] and Governmental Employees Tort Immunity Act, 745 ILCS 10/1, *et seq.*, apply to a civil action under the Illinois Human Rights Act where the plaintiff seeks damages, reasonable attorneys' fees and costs?

If yes, should this Court modify, reject or overrule its prior holdings in *Streeter v. County of Winnebago*, 44 Ill. App. 3d 392, 394-95 (2nd Dist. 1976), *Firestone v. Fritz*, 119 Ill. App. 3d 685, 689 (2nd Dist. 1983), and *People ex rel. Birkett v. City of Chicago*, 325 Ill. App. 3d 196, 202 (2nd Dist. 2001) that 'the Tort Immunity Act applies only to tort actions and does not bar actions for constitutional violations'?"

¶ 7       The appellate court allowed the City's Rule 308 petition for leave to appeal. A divided panel answered the certified questions as follows: (1) section 2-102(A) of the Human Rights Act prohibits hostile work environment disability harassment, and a reasonable accommodation claim may be brought as a separate claim under that provision; (2) section 2-102(D) of the Human Rights Act applies to hostile work environment disability harassment claims brought under section 2-102(A), and the employee always bears the ultimate burden of persuasion in such a case; and (3) the Tort Immunity Act applies to actions under the Human Rights Act, and the City can assert immunity with respect to plaintiff's request for damages but not to her request for equitable relief. 2016 IL App (2d) 150493, ¶¶ 77, 95, 115. The appellate majority also noted "that the supreme court has impliedly rejected our

holdings that the Tort Immunity Act applies only to tort actions" and does not apply to other types of claims in *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 261 (2004). 2016 IL App (2d) 150493, ¶ 97. Therefore, the majority did not follow appellate precedent in answering the third certified question.

¶ 8        Justice McLaren concurred in part and dissented in part, opining that the legislature did not intend for section 2-102(A) of the Human Rights Act to include any or all types of harassment beyond sexual harassment (*id.* ¶¶ 121-24) and that the third certified question was not a proper question (*id.* ¶¶ 125-28). Justice McLaren did not find reasonable grounds for a difference of opinion as to whether the Tort Immunity Act applies to a Human Rights Act claim and that the form of the question implies that the appellate court would be effectively overruling three of its prior decisions. The only reason to depart from appellate court precedent, according to Justice McLaren, would be if the Illinois Supreme Court overruled those actions. Justice McLaren disagreed that this court's opinion in *Raintree Homes* impliedly rejected previous holdings of the appellate court but that it rather declined to adopt or approve of the appellate court's reasoning. *Id.* ¶ 127 (citing *Raintree Homes*, 209 Ill. 2d at 261 ("[W]e do not adopt or approve of the appellate court's reasoning that the Tort Immunity Act categorically excludes actions that do not sound in tort ***.")).

¶ 9        Rozsavolgyi petitioned the appellate court for rehearing as to the third certified question. Alternatively, Rozsavolgyi requested that the appellate court certify the third certified question as involving a question of such importance that it should be decided by the Illinois Supreme Court. See Ill. S. Ct. R. 316 (eff. Dec. 6, 2006). The appellate court granted Rozsavolgyi's request for a certificate of importance as to the third certified question.

¶ 10                                    ANALYSIS

¶ 11        Rozsavolgyi and the Department argue that the third certified question should not have been answered by the appellate court and that the majority's answer should be vacated because the question was improperly certified by the circuit court under Illinois Supreme Court Rule 308(a). Alternatively, if this court finds that the third certified question was properly certified, Rozsavolgyi and the Department assert that it should be answered in the negative and that *Streeter v.*

*County of Winnebago*, 44 Ill. App. 3d 392 (1976), *Firestone v. Fritz*, 119 Ill. App. 3d 685 (1983), and *People ex rel. Birkett v. City of Chicago*, 325 Ill. App. 3d 196 (2001), remain good law.

¶ 12     The City contends that the third certified question should be answered in the affirmative and that this court should further hold that the City's tort immunity defenses bar Rozsavolgyi's requested damages relief. The City also argues that the first certified question should be answered in the negative, for counts I and IV to be dismissed, and that this court should hold that Rozsavolgyi's failure to plead and prove that she utilized and complied with the City's anti-harassment/reasonable accommodation policies absolutely bars her from recovering damages resulting from the alleged civil rights violations.

¶ 13     Essentially, we are asked to go beyond the third certified question because, under Rule 316, the whole case comes before the supreme court. See *Hubble v. Bi-State Development Agency of the Illinois-Missouri Metropolitan District*, 238 Ill. 2d 262, 267 (2010) ("[U]nder Supreme Court Rule 316 [citation], the whole case comes before the supreme court and not only a particular issue."); Ill. S. Ct. R. 318(a) (eff. Feb. 1, 1994) ("In all appeals, by whatever method, from the Appellate Court to the Supreme Court, any appellee *** may seek and obtain any relief warranted by the record on appeal without having filed a separate petition for leave to appeal or notice of cross-appeal or separate appeal."). In response to the City's request that this court address the first certified question, both Rozsavolgyi and the Department ask this court to affirm the appellate court's answer to the first certified question.

¶ 14     The threshold question facing this court is to decide which issues presented, if any, to address. Before answering this question, however, we believe it prudent to first examine Illinois Supreme Court Rules 316 and 308, given the unique procedural posture of this case.

¶ 15                              Illinois Supreme Court Rule 316

¶ 16     Illinois Supreme Court Rule 316 provides in relevant part that "[a]ppeals from the Appellate Court shall lie to the Supreme Court upon the certification by the

Appellate Court that a case decided by it involves a question of such importance that it should be decided by the Supreme Court." Ill. S. Ct. R. 316 (eff. Dec. 6, 2006). Neither section 4(c) of article 6 of the Illinois Constitution of 1970 nor Illinois Supreme Court Rule 316 addresses the nature of cases that rise to the level of importance warranting review outside the normal appeal process. Ill. Const. 1970, art. VI, § 4; Ill. S. Ct. R. 316 (eff. Dec. 6, 2006). However, albeit a different avenue for appeal to this court, Illinois Supreme Court Rule 315 provides some illumination upon the types of considerations that the Illinois Supreme Court affords weight when determining whether to allow review. Ill. S. Ct. R. 315 (eff. Mar. 15, 2016).

¶ 17    As a matter of course, the Illinois Supreme Court determines whether to grant review by exercising its "sound judicial discretion." Ill. S. Ct. R. 315(a) (eff. Mar 15, 2016). Illinois Supreme Court Rule 315 provides a nonexhaustive list of considerations that inform this court's appraisal, including: "the general importance of the question presented; the existence of a conflict between the decision sought to be reviewed and a decision of the Supreme Court, or of another division of the Appellate Court; the need for the exercise of the Supreme Court's supervisory authority; and the final or interlocutory character of the judgment sought to be reviewed." Ill. S. Ct. R. 315(a) (eff. Mar. 15, 2016); *Johnson v. Ames*, 2016 IL 121563, ¶ 25 (Thomas, J., specially concurring) ("In short, this court's decision to grant review turns largely on whether the issue involved warrants an authoritative resolution of statewide impact or whether it is the type of case whose final resolution we may entrust to the appellate court."). In deciding whether to grant a certificate of importance, an appellate court may do well to look to the factors set forth in Rule 315. See *id.* ¶ 26.

¶ 18    Illinois Supreme Court Rule 316 provides for an exceptional avenue of appeal to this court and should therefore be exercised rarely and only when unequivocally warranted. *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 58 (Garman, J., specially concurring) ("[T]hat an appeal reaches this court as a matter of right, rather than as a matter of our discretion, does not negate the doctrines of mootness, ripeness, standing, or procedural default. Similarly, the certification of a question to this court does not require this court to answer the question if it is not squarely raised in the case."); *John Crane, Inc. v. Admiral Insurance Co.*, 2013 IL App 093240-B, ¶ 73 ("It is well settled that the appellate court's power to certify a case to the

- 7 -

supreme court should be used very sparingly. [Citation.] Our supreme court is in a better position than this court to determine whether it should accept this case for further review."); *People v. Cherry Valley Public Library District*, 356 Ill. App. 3d 893, 900 (2005) ("While this case is one of first impression and of obvious importance ***, it is also a relatively straight forward case. Thus, we deem it best that defendant proceeds through usual channels and seeks leave to appeal from the supreme court."); *People v. Lemons*, 210 Ill. App. 3d 33, 40-41 (1991) ("While the question involved is important, we do not deem it to be of such importance as to require such certification. The supreme court faces an expanded number of appeals which arise as a matter of right. We need not infringe upon its exercise of discretion as to how it spends the rest of its limited time.").

¶ 19                          Illinois Supreme Court Rule 308

¶ 20        Illinois Supreme Court Rule 308 provides another exception to the normal appeal process. Illinois Supreme Court Rule 308 provides in relevant part:

> "When the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved. Such a statement may be made at the time of the entry of the order or thereafter on the court's own motion or on motion of any party. The Appellate Court may thereupon in its discretion allow an appeal from the order." Ill. S. Ct. R. 308(a) (eff. Jan. 1, 2016).

¶ 21        By definition, certified questions are questions of law subject to *de novo* review. *Moore v. City of Chicago Park District*, 2012 IL 112788, ¶ 9. Certified questions must not seek an application of the law to the facts of a specific case. *De Bouse v. Bayer AG*, 235 Ill. 2d 544, 557 (2009). If addressing a certified question will result in an answer that is advisory or provisional, the certified question should not be reached. See *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 469-70 (1998); *In re Estate of Luccio*, 2012 IL App (1st) 121153, ¶ 32 ("The courts of Illinois do not issue advisory opinions to guide future litigation ***." (citing *Golden Rule Insurance Co. v. Schwartz*, 203 Ill. 2d 456, 469 (2003))).

- 8 -

Similarly, if an answer is dependent upon the underlying facts of a case, the certified question is improper. *In re Estate of Luccio*, 2012 IL App (1st) 121153, ¶ 32 ("As too often happens, a certified question is framed as a question of law, but the ultimate disposition depends on 'the resolution of a host of factual predicates.'" (quoting *Dowd & Dowd, Ltd*, 181 Ill. 2d at 469)). Appeals under Illinois Supreme Court Rule 308 should be reserved for exceptional circumstances, and the rule should be sparingly used. *Voss v. Lincoln Mall Management Co.*, 166 Ill. App. 3d 442, 450 (1988).

¶ 22    Subsection (e) of Illinois Supreme Court Rule 308 states that "[t]he application for permission to appeal or the granting thereof shall not stay proceedings in the trial court unless the trial court or the Appellate Court or a judge thereof shall so order." Ill. S. Ct. R. 308(e) (eff. Dec. 6, 2006). The committee comments explain, "Normally the interlocutory appeal will not stay proceedings in the trial court. The case may proceed in that court unless the trial court or the Appellate Court or a judge thereof otherwise orders. This will discourage an attempt to take an interlocutory appeal with a motive of delay." Ill. S. Ct. R. 308, Committee Comments (revised 1979). Illinois Supreme Court Rule 318, titled "General Rules Governing All Appeals from the Appellate Court to the Supreme Court," makes clear that "[t]he review of cases at an interlocutory stage is not favored, and a failure to seek review when the Appellate Court's disposition of the case is not final does not constitute a waiver of the right to present any issue in the appropriate court thereafter." Ill. S. Ct. R. 318(b) (eff. Feb. 1, 1994).

¶ 23    Upon survey of Illinois Supreme Court Rule 308, it is evident that the appellate court serves as gatekeeper and must carefully question whether the case before it warrants consideration outside the usual process of appeal. In fact, after allowing permissive interlocutory review, the appellate court at times has vacated its order allowing leave to appeal upon reconsideration of its decision to allow permissive interlocutory review. See *Voss*, 166 Ill. App. 3d at 443 (vacating order allowing leave to appeal as having been improvidently entered because addressing certified question would not actually materially advance the ultimate termination of the litigation); *Kincaid v. Smith*, 252 Ill. App. 3d 618, 622 (1993) (after reviewing the parties' briefs, appellate court dismissed the appeal as improvidently granted because resolution of the certified question alone would not materially advance the

litigation).

¶ 24                                    The Instant Case

¶ 25     This court's scope of review is generally limited to the certified question. *Moore*, 2012 IL 112788, ¶ 9. The appellate court's answer to a certified question is reviewed *de novo*. *Id.* Whether the appellate court erred in allowing an appeal under Rule 308 is reviewed for an abuse of discretion. See *Healy v. Vaupel*, 133 Ill. 2d 295, 305-06 (1990). Turning to the third certified question, we are asked to consider:

> "3. Does the Local Government[al] and Governmental Employees Tort Immunity Act, 745 ILCS 10/1, *et seq.*, apply to a civil action under the Illinois Human Rights Act where the plaintiff seeks damages, reasonable attorneys' fees and costs?

> If yes, should this Court modify, reject or overrule its prior holdings in *Streeter v. County of Winnebago*, 44 Ill. App. 3d 392, 394-95 (2nd Dist. 1976), *Firestone v. Fritz*, 119 Ill. App. 3d 685, 689 (2nd Dist. 1983), and *People ex rel. Birkett v. City of Chicago*, 325 Ill. App. 3d 196, 202 (2nd Dist. 2001), that 'the Tort Immunity Act applies only to tort actions and does not bar actions for constitutional violations' [citation]?"

¶ 26     The third certified question is improperly overbroad, should not have been answered, and does not warrant our review at this time. As framed, the third certified question ignores the breadth of the Illinois Human Rights Act, which provides for numerous types of civil actions for unlawful conduct in a variety of contexts. 775 ILCS 5/1-101 *et seq.* (West 2014). Relevant here, article 2 of the Human Rights Act is specific to causes of action arising in the employment setting. 775 ILCS 5/2-101 (West 2014). Answering the third certified question as framed would necessarily bear on situations not before this court and would therefore result in an advisory opinion. As noted by the Department, a municipality's relationship to a plaintiff varies throughout the articles of the Human Rights Act. For this reason, caution must be exercised.

¶ 27 The City asserts several arguments as to why the form of the certified question should not preclude our review. The City contends that Rozsavolgyi forfeited any argument as to the form of the third certified question because she did not raise it in her application for certificate of importance or petition for rehearing and did not argue that the appellate court abused its discretion in allowing the question. However, when the City sought permissive interlocutory appeal, Rozsavolgyi filed an answer in opposition to defendant's application for leave to appeal pursuant to Rule 308, specifically arguing that the third question "fails to comply with any of the requirements of Rule 308(a)." Further, even if Rozsavolgyi forfeited this argument, such forfeiture would not persuade this court to proceed in addressing an improperly formulated certified question and issuing an advisory opinion.

¶ 28 The City posits that the question was intended to be broadly framed but that this court may modify the certified question to correct any impropriety. See Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994). We acknowledge that we have, in some cases, modified a certified question or read a certified question in such a way as to bring it within the ambit of a proper question of law. See *e.g. De Bouse*, 235 Ill. 2d at 556-67. But because this court has modified a certified question before does not mean that we will do so in every case. Although we are cognizant of principles of judicial economy, we are still not persuaded that modification of the third certified question is warranted in this case.

¶ 29 The City maintains that, under Illinois Supreme Court Rule 316, "[e]ven if the certified question may have been improper under Rule 308, it matters not because the Appellate Court determined that 'a case decided by it involves a question of such importance that it should be decided by the Supreme Court.' "

¶ 30 However, the third certified question was presented to the appellate court in the same form as it reaches this court. The overbreadth of the third certified question was as readily apparent then as it is now. Accordingly, the appellate court's issuance of a certificate of importance in this case does not somehow automatically remedy the third certified question's defects.

¶ 31 As mentioned, a certified question must involve a question of law as to which there is substantial ground for difference of opinion and for which an immediate appeal from the interlocutory order may materially advance the ultimate termination of the litigation. See Ill. S. Ct. R. 308(a) (eff. Jan. 1, 2016). As noted by

- 11 -

Justice McLaren in his partial concurrence and dissent, the form of the third certified question implies that the appellate court would be effectively overruling three of its prior decisions—and the only basis to do so would be if the Illinois Supreme Court overruled those cases. See *Streeter v. County of Winnebago*, 44 Ill. App. 3d 392, 394-95 (2d Dist. 1976); *Firestone v. Fritz*, 119 Ill. App. 3d 685, 689 (2d Dist. 1983); *People ex rel. Birkett v. City of Chicago*, 325 Ill. App. 3d 196, 202 (2d Dist. 2001). The appellate majority points to a single sentence in the Illinois Supreme Court case of *Raintree Homes*, which states that "we do not adopt or approve of the appellate court's reasoning that the Tort Immunity Act categorically excludes actions that do not sound in tort." 209 Ill. 2d at 261. From this sentence, the appellate majority concludes that this court "impliedly rejected [the appellate court's] holdings, including, as relevant here, our holdings that constitutional claims and civil rights actions are not subject to the Tort Immunity Act." 2016 IL App (2d) 150493, ¶ 112. But the appellate majority then notes that "there is case law in this district that holds that the Tort Immunity Act applies only to tort claims." *Id.*

¶ 32     The substantial grounds for difference of opinion prong in Rule 308 has been satisfied in instances where the question of law had not been directly addressed by the appellate or supreme court (*In re Estate of Kleine*, 2015 IL App (2d) 150063, ¶ 14) or where there is a conflict between appellate districts or with the Illinois Supreme Court (*Johannsen v. General Foods Corp.*, 146 Ill. App. 3d 296, 298-99 (1986)). *Raintree Homes* did not "impliedly reject" the appellate court's holdings but instead made clear that the Illinois Supreme Court was not adopting or approving of the appellate court's reasoning and was affirming on a different ground. 209 Ill. 2d at 261 ("Thus, while we do not adopt or approve of the appellate court reasoning that the Tort Immunity Act categorically excludes actions that do not sound in tort [citation], this court can affirm the appellate court on any basis in the record."). By its own terms, the third certified question acknowledges the existence of appellate case law. Therefore, it is questionable at best whether a substantial difference of opinion exists so as to support certification of this question, let alone issuance of a certificate of importance.

¶ 33     Illinois Supreme Court Rule 308 also requires that resolution of the question materially advance the ultimate termination of the litigation. See Ill. S. Ct. R. 308 (eff. Jan. 1, 2015). Rozsavolgyi's prayers for relief are the same for each count of

her complaint. Specifically, Rozsavolgyi seeks "all legal and equitable relief available under the Illinois Human Rights Act which includes back pay, front pay, the value of lost employment benefits, actual damages, emotional distress and other compensatory damages, reinstatement with full seniority, attorney's fees, litigation expenses and costs of suit in an amount in excess of $50,000." The third certified question addresses whether the Tort Immunity Act applies to a plaintiff seeking "damages, reasonable attorneys' fees and costs." Thus, regardless of how the third certified question is answered, the City's liability would still be at issue as to the other forms of relief sought. See 745 ILCS 10/2-101 (West 2016) ("Nothing in this Act affects the right to obtain relief other than damages against a local public entity or public employee."). Necessarily then, the third certified question presupposes that Rozsavolgyi can successfully plead her causes of action and that the City can avail itself of and prove the specific immunities raised under the Tort Immunity Act.

¶ 34        For the foregoing reasons, we decline to answer the third certified question. We also think it appropriate to remind litigants and the lower courts that appellate review of interlocutory orders is not favored (see Ill. S. Ct. R. 318 (eff. Feb. 1, 1994)), and appellate courts should exercise their authority to certify questions to our court under Rule 316 sparingly (*Cherry Valley Public Library District*, 356 Ill. App. 3d at 900). While this court has repeatedly reviewed appellate court answers to Rule 308 certified questions that were granted permissive interlocutory review, the vast majority of those cases reached this court by Illinois Supreme Court Rule 315, not Rule 316. See, *e.g.*, *Hampton v. Metropolitan Water Reclamation District of Greater Chicago*, 2016 IL 119861; *Bowman v. Ottney*, 2015 IL 119000; *Moore*, 2012 IL 112788; *Wilson v. Edward Hospital*, 2012 IL 112898; *Johnston v. Weil*, 241 Ill. 2d 169 (2011); *Simmons v. Homatas*, 236 Ill. 2d 459 (2010); *Solon v. Midwest Medical Records Ass'n, Inc.*, 236 Ill. 2d 433 (2010); *Applebaum v. Rush University Medical Center*, 231 Ill. 2d 429 (2008); *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334 (2007); *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d 45 (2007); *Bright v. Dicke*, 166 Ill. 2d 204 (1995); *Richardson v. Economy Fire & Casualty Co.*, 109 Ill. 2d 41 (1985).

¶ 35        That Rule 315 is available as an avenue of recourse was something we made clear in *Schrock v. Shoemaker*: "[w]hen the appellate court renders a final judgment, either denying an application for appeal under Rule 308 or permitting an

- 13 -

appeal and answering the certified questions, either party may petition this court for leave to appeal from the appellate court's judgment, pursuant to Supreme Court Rule 315(a)." 159 Ill. 2d 533, 537 (1994) (citing *Healey v. Vaupel*, 133 Ill. 2d 295 (1990)). If Rozsavolgyi had proceeded by means of Rule 315, she would have suffered no prejudice. Doing so would not have limited the issues she would have been permitted to raise, for "[i]f this court allows a petition for leave to appeal pursuant to Rule 315(a), the scope of our review is not limited to determining whether the appellate court answered the certified questions correctly. Pursuant to Supreme Court Rule 366(a)(5), this court may 'enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief *** that the case may require.' [Citation.]" *Schrock*, 159 Ill. 2d at 537.

¶ 36    Moreover, Rozsavolgyi did not need to petition the appellate court for rehearing or alternatively for a certificate of importance in order to avoid forfeiture (see Ill. S. Ct. R. 318(b) (eff. Feb. 1, 1994) ("a failure to seek review when the Appellate Court's disposition of the case is not final does not constitute a waiver of the right to present any issue in the appropriate court thereafter")) or to prevent undue delay. Although dissatisfied with the majority's answer to the third certified question, Rozsavolgyi could have avoided further delay by returning to the circuit court after conclusion of the appellate court's permissive interlocutory review and still preserved her right to petition this court for leave to appeal under Rule 315.

¶ 37    We further note that Rozsavolgyi may have been granted some recourse even if a Rule 315 petition for leave to appeal had been denied. Supervisory authority could still have been invoked to aid her. This court has exercised its supervisory authority to issue orders in cases involving interlocutory appeals where it has seen fit to do so. *Hubble*, 238 Ill. 2d at 266 (entering a supervisory order directing the circuit court to grant interlocutory appeal and stay proceedings pending outcome of appeal); *Solon v. Midwest Medical Records Ass'n*, 226 Ill. 2d 633 (2008) (table) (denying petition for leave to appeal under Rule 315 but issuing supervisory order directing the appellate court to vacate its order denying leave to appeal under Rule 308, to enter an order allowing the application for leave to appeal, and to consider the certified question on the merits); *Thompson v. Gordon*, 221 Ill. 2d 414, 420 (2006).

¶ 38    In sum, there was no reason for Rozsavolgyi to have resorted to Rule 316 instead of Rule 315. Rule 315 is the procedural avenue that should be followed where, as here, a litigant seeks review of an appellate court's ruling on a certified question under Rule 308. It is the avenue we urge litigants to follow in future cases such as this one.

¶ 39    Because the appellate court granted a certificate of importance and the whole case is now before this court does not mean that this court will address issues that should not be before it at this time or in this manner. The appellate court erred in answering the third certified question, and we therefore vacate the court's opinion and remand to the circuit court for further proceedings. Because this court declines to answer the third certified question—the only certified question upon which a certificate of importance was issued—we likewise decline to address the other issues urged upon us. Should issues again arise upon remand, we remind the parties and the courts below both of the proper process of appeal and of this court's ability to exercise its discretion if and when it deems it necessary to do so.

¶ 40                                    CONCLUSION

¶ 41    The appellate court issued a certificate of importance under Rule 316 only as to the third certified question. Because the third certified question is overbroad, we hold that the appellate court should have declined review and also that it should not have issued a certificate of importance. Because the third certified question is improper, we decline to answer it. The Illinois Supreme Court does not render advisory opinions. As a matter of discretion, we decline to address other issues urged upon us. We vacate the entirety of the appellate court's judgment and remand to the circuit court for further proceedings.

¶ 42    Certified question not answered.

¶ 43    Appellate court judgment vacated.

¶ 44    Remanded.

¶ 45    JUSTICE BURKE, dissenting:

¶ 46 On April 29, 2015, the circuit court of Kane County certified three questions to the appellate court pursuant to Illinois Supreme Court Rule 308 (eff. Jan. 1, 2015). The appellate court answered the questions (2016 IL App (2d) 150493) and then certified the case to this court under Illinois Supreme Court Rule 316 (eff. Dec. 6, 2006). With the entire case now before us as a matter of right, the majority chooses not to address the merits of any of the certified questions and, further, vacates the judgment of the appellate court in its entirety. Thus, after more than two years of litigation and the expenditure of an undoubtedly large amount of legal fees, the parties are left with nothing. Their dispute is no closer to resolution than it was in 2015.

¶ 47 There are times when judicial waste of this sort is unavoidable, such as when a jurisdictional bar or mootness prevents us from reaching the merits of an issue. But this is not such a case. The majority fails to reach the merits of the certified questions, not because of an important legal principle but because of a series of serious errors.

¶ 48 First, the majority's conclusion that the third certified question is improper and that the appellate court abused its discretion in answering the question is simply incorrect. Second, the majority fails to address or even acknowledge the defendant's cross-appeal from the appellate court's judgment regarding the first and second certified questions, even though that cross-appeal is before us as a matter of right. Third, rather than simply vacating that portion of the appellate court judgment regarding the third certified question, the majority vacates the entirety of the appellate court's judgment, even though the majority has just stated it is not reaching the merits of the first and second certified questions. Finally, the majority holds that a litigant may not seek, and our appellate court may not issue, a certificate of importance in a case that involves a certified question under Rule 308, a finding that is absolutely incorrect. Nothing in our rules or, more importantly, our constitution limits the appellate court's authority in this way. Because of these serious errors, I must respectfully dissent.

¶ 49                                I. Third Certified Question

¶ 50        Plaintiff filed a complaint in January 2014 alleging that her employer, the city
of Aurora, committed four civil rights violations under article 2 of the Illinois
Human Rights Act (775 ILCS 5/2-101 *et seq.* (West 2014)) (refusal to
accommodate, disparate treatment, retaliation, and hostile work environment). In
response, the defendant city raised a number of affirmative defenses, including
immunity defenses under sections 2-103, 2-201, and 3-108 of the Local
Governmental and Governmental Employees Tort Immunity Act (Tort Immunity
Act) (745 ILCS 10/2-103, 2-201, 3-108 (West 2014)). On April 22, 2015, the trial
court granted plaintiff's motion to strike defendant's affirmative defenses grounded
in the Tort Immunity Act.

¶ 51        Subsequently, however, on defendant's motion, the court certified three
questions pursuant to Illinois Supreme Court Rule 308 (eff. Jan. 1, 2015). The
appellate court allowed appeal from the trial court's order in order to answer the
certified questions. Relevant here, the third certified question states:

        "(3) Does the [Tort Immunity Act] apply to a civil action under the Human
        Rights Act where the plaintiff seeks damages, reasonable attorney fees, and
        costs? If yes, should this court modify, reject, or overrule its holdings in *People
        ex rel. Birkett v. City of Chicago*, 325 Ill. App. 3d 196, 202 (2001), *Firestone v.
        Fritz*, 119 Ill. App. 3d 685, 689 (1983), and *Streeter v. County of Winnebago*,
        44 Ill. App. 3d 392, 394-95 (1976), that 'the Tort Immunity Act applies only to
        tort actions and does not bar actions for constitutional violations' (*Birkett*, 325
        Ill. App. 3d at 202)?"

¶ 52        The majority of the appellate court answered "yes" to this question. 2016 IL
App (2d) 150493, ¶¶ 97-115. The appellate court held that the Tort Immunity Act
applies to actions under the Human Rights Act and defendant can assert immunity
with respect to plaintiff's requests for damages but not to her requests for equitable
relief. *Id.* ¶¶ 112-15. The appellate court then certified the case to this court
pursuant to Illinois Supreme Court Rule 316 (eff. Dec. 6, 2006).

¶ 53        Now, with the case properly before this court, the majority refuses to decide the
significant issue in this case, *i.e.*, whether the appellate court's answer to the third
certified question is correct. The majority holds, because the question refers

generally to " 'a civil action under the Illinois Human Rights Act' " rather than the specific cause of action involved in this case, that the question is "improperly overbroad" and that the appellate court abused its discretion in answering the question. *Supra* ¶ 26. The majority further holds that the third certified question cannot be answered by this court because answering the question would result in an "advisory opinion." *Supra* ¶ 26.

¶ 54    I find the majority's holding perplexing, since there is nothing improper or overly broad about the way the question is framed. Rule 308 allows a trial court, upon a finding that an order involves a question of law where there is a substantial ground for difference of opinion, to make an otherwise interlocutory order immediately appealable if an appeal may materially advance the ultimate termination of the litigation. See Ill. S. Ct. R. 308(a) (eff. Jan. 1, 2016).

¶ 55    Certified questions, by their nature, are pure questions of law. See *Dowd & Dowd Ltd. v. Gleason*, 181 Ill. 2d 460, 469 (1998); *Bauer v. Giannis*, 359 Ill. App. 3d 897, 902 (2005). As such, a question certified under Rule 308 will obviously bear on factual situations other than the one before the reviewing court. See *Walker v. Carnival Cruise Lines, Inc.*, 383 Ill. App. 3d 129, 133 (2008) (a properly written certified question under Rule 308 articulates a specific question of law and is "not intended to allow for an interlocutory appeal of merely an application of the law to the facts of a specific case").

¶ 56    It is true that a reviewing court should avoid answering a certified question where the answer would not materially advance the ultimate termination of the litigation, as required by Rule 308(a). For example, a question that calls for a hypothetical answer with no practical effect on the rights of the parties is not a proper question under the rule. See *Lawndale Restoration Ltd. Partnership v. Acordia of Illinois, Inc.*, 367 Ill. App. 3d 24, 27-28 (2006); see also *In Re Commitment of Hernandez*, 239 Ill. 2d 195, 201 (2010) (a court will not decide moot or abstract questions or issue advisory opinions where the result will not be affected no matter how the issues are decided). In addition, where a certified question cannot be answered without resolving issues of fact, the court should refrain from answering it. See *Dowd & Dowd, Ltd.*, 181 Ill. 2d at 469-70 (holding that an answer to the certified question would be "meaningless" where it depended

on the resolution of one or more factual predicates in the case). Neither of these circumstances is present here.

¶ 57    The third certified question asks, as a matter of law, whether a defendant may assert immunity under the Tort Immunity Act for claims brought under the Human Rights Act. The answer to this question obviously will affect the parties' rights and, thus, will not result in a hypothetical or "advisory" opinion. See *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 20 (an opinion is only advisory if " 'it is impossible for this court to grant effectual relief to either party' " (quoting *In re Mary Ann P.*, 202 Ill. 2d 393, 401 (2002))). If the answer to the question is "yes," as the appellate court held, then it is appropriate to remand the case to the circuit court for further proceedings on the question of whether defendant can prove its immunity pursuant to the particular provisions of the Tort Immunity Act. If the answer is "no," plaintiff's complaint can move forward through the regular course of litigation. Either answer will affect the rights of the parties to these proceedings. Nor does addressing the third certified question depend on resolving any factual issues. It is not necessary to decide whether defendant can sustain the particular immunity defenses raised below before deciding whether the Tort Immunity Act applies at all to civil rights claims brought under the Human Rights Act.

¶ 58    The majority suggests that it is somehow improper for this court to address the application of the Tort Immunity Act to all claims brought under the Human Rights Act, rather than to plaintiff's specific claims of employment discrimination. The majority's concern is unfounded. The trial court granted plaintiff's motion to strike defendant's affirmative defenses based on appellate court case law holding that the Tort Immunity Act is applicable *only* to tort claims and is inapplicable to constitutionally based claims. See *People ex rel. Birkett v. City of Chicago*, 325 Ill. App. 3d 196, 202 (2001); *Firestone v. Fritz*, 119 Ill. App. 3d 685, 689 (1983); *Streeter v. County of Winnebago*, 44 Ill. App. 3d 392, 394-95 (1976). While it is true that the Human Rights Act provides for actions in a variety of contexts (*e.g.*, employment, education, public accommodations), the majority never explains why an answer to the third certified question would differ depending on the type of civil rights violation being alleged. Actions to redress civil rights violations under the Human Rights Act are distinct from tort claims. *Maksimovic v. Tsogalis*, 177 Ill. 2d 511, 518 (1997). Accordingly, if the *Birkett* line of cases is correct, statutory immunities under the Tort Immunity Act will not apply to any Human Rights Act

claims, including the ones in this case. The framing of the third certified question makes perfect sense in this context. There is absolutely no basis for holding that the appellate court abused its discretion and no reason for the majority to refuse to address the question.

¶ 59 The majority also suggests that the third certified question fails to meet the criteria for certification under Rule 308(a). First, the majority states that "it is questionable at best whether a substantial difference of opinion exists so as to support certification of this question." *Supra* ¶ 32. I am puzzled as to how the majority has arrived at this conclusion. Determining whether the Tort Immunity Act applies to claims under the Human Rights Act is an issue of first impression in this court, which is far from settled. There is legitimate reason to doubt the continued validity of the *Birkett* line of case law, which appears to be abrogated by section 1-204 of the Tort Immunity Act. See 745 ILCS 10/1-204 (West 2014) (providing that the Act's immunities apply to injuries alleged in any "civil action," including those based upon the federal or state constitutions or upon a federal or state statute). Indeed, other courts have applied the Tort Immunity Act to nontort claims, reasoning that the claims at issue were not expressly exempted from the Tort Immunity Act. See 745 ILCS 10/2-101 (West 2014) (listing types of claims exempt from the Tort Immunity Act but not including Human Rights Act claims); *Village of Bloomingdale v. CDG Enterprises, Inc.*, 196 Ill. 2d 484, 500 (2001) (applying the Tort Immunity Act to a nontort claim based in quasi-contract); *In re Marriage of Murray*, 2014 IL App (2d) 121253, ¶¶ 40-55 (applying the Tort Immunity Act to a nontort claim under the Income Witholding for Support Act (750 ILCS 28/1 *et seq.* (West 2010))).

¶ 60 The trial court found, and I agree, that the state of the law on this issue is uncertain and lacking in clear direction. The third certified question involves statutory construction, a proper subject for certification under Rule 308. See, *e.g.*, *Bowman v. Ottney*, 2015 IL 119000, ¶ 8; *Moore v. Chicago Park District*, 2012 IL 112788, ¶ 9; *Johnson v. Weil*, 241 Ill. 2d 169, 175-76 (2011). Thus, the question is ideally suited for resolution through Rule 308.

¶ 61 The majority also asserts that this court should not address the third certified question because answering it would not "materially advance the ultimate termination of the litigation." *Supra* ¶ 33. The majority notes that, even if the Tort

Immunity Act shields defendant from plaintiff's claims for damages, attorney fees and costs, defendant's liability would still be at issue as to the other forms of relief sought by plaintiff (*e.g.*, back pay, front pay, loss of benefits). I cannot agree. Removing an entire category of damages from consideration obviously advances the course of litigation, and it is disingenuous to pretend otherwise.

¶ 62 Moreover, even if I agreed that the phrasing of the third certified question is too broad because it refers to all civil actions under the Human Rights Act, I see no reason why this court should not reformulate the question. If the majority believes that the answer to the question depends on the type of Human Rights Act claim at issue, they should limit their answer to employment discrimination claims under article 2 of the Human Rights Act. There is nothing preventing the majority from modifying the wording of the question and answering it, in the interest of judicial economy. This court has done precisely that on more than one occasion.

¶ 63 Most recently, in *Hampton v. Metropolitan Water Reclamation District of Greater Chicago*, 2016 IL 119861, this court completely rewrote a certified question that was based on a legally incorrect premise. The original certified question asked whether *Arkansas Game & Fish Comm'n v. United States*, 568 U.S. 23 (2012), "overruled" *People ex rel. Pratt v. Rosenfield*, 399 Ill. 247 (1948), that a temporary flooding is not a taking under our state constitution. *Hampton*, 2016 IL 119861, ¶ 6. The appellate court answered affirmatively, and this court granted leave to appeal. Recognizing that the United States Supreme Court has no authority to overrule a state court's declaration of state law, a majority of this court proceeded to address an entirely different question from that certified by the trial court. *Id.* ¶ 10. The majority noted that "[t]he circuit court should have avoided the use of the term 'overruled' and drafted its certified question in a way that would better reflect the role of federal precedent in Illinois law." *Id.* "Nevertheless," the majority went on, "we will consider whether the decision in *Arkansas Game & Fish Comm'n* ought to be incorporated into this court's Illinois takings clause jurisprudence and, if so, whether that decision conflicts with this court's decision in *Pratt*." *Id.* If this court can completely rewrite a certified question, as we did in *Hampton*, then there is no reason why the third certified question cannot be modified here.

¶ 64 Additional case law supports this conclusion. In *De Bouse v. Bayer AG*, 235 Ill. 2d 544 (2009), this court determined that the term "product" in a certified question was too broad because the answer would depend on the nature of the product being sold. *Id.* at 556-57 (certified question asked whether a company offering a "product" for sale is a representation that the product is safe for its intended use). Accordingly, we limited our consideration of the question to the type of product at issue in the case, *i.e.*, prescription drugs, and proceeded to answer that question. *Id.* at 557. This court also addressed a question different from the one certified by the trial court in *Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188 (1995). In *Boyd*, the certified question asked " '[w]hether a plaintiff in a spoliation of evidence case must plead and prove that he lost the underlying civil case, or whether it is sufficient that he plead a significant impairment of his ability to prove the underlying suit.' " *Id.* at 190-91. This court noted that the question as framed by the trial court assumed, incorrectly, that Illinois courts already recognized an independent cause of action for "spoliation of evidence." *Id.* at 192-93. Rather than dismiss the appeal, however, we chose to address the underlying question and ultimately concluded that an action for negligent spoliation could be stated under Illinois's existing negligence law. *Id.* at 193.

¶ 65 There is absolutely no reason why this court should refuse to address the third certified question now before us, even if the phrasing of the question requires modification. The issue has been thoroughly briefed and argued by the parties. The trial and appellate courts have sought clarification, and a decision on the issue at this time would materially advance the litigation and also serve the interest of judicial economy. The majority offers no justification for its failure to rephrase and answer the question other than to say it is not "persuaded that modification of the third certified question is warranted in this case." *Supra* ¶ 28. I am unsure what this means, since there is nothing about this case that differentiates it from other cases in which this court has exercised its discretion to reformulate a certified question so that it could be addressed. Unfortunately, the majority fails to resolve the controversy at this juncture, forcing the parties and the lower courts to waste time and resources and, inevitably, merely delaying the time at which this issue will once again come before this court.

¶ 66                                    II. Cross-Appeal

¶ 67        Not only does the majority fail to address the issue raised by the plaintiff, but the majority does not even mention that defendant has filed a cross-appeal in this court. This is a serious omission, as the cross-appeal is a part of this case, and this court has no discretion not to consider it.

¶ 68        Following the appellate court's decision, plaintiff filed a petition for rehearing or, in the alternative, a request for a certificate of importance pursuant to Illinois Supreme Court Rule 316 (eff. Dec. 6, 2006). Subsequently, the appellate court denied rehearing but entered an order granting a Rule 316 certificate, finding that the case involved a question of such importance that it should be decided by the Illinois Supreme Court. See Ill. S. Ct. R. 316 (eff. Dec. 6, 2006). After the plaintiff filed her appellant's brief in this court, defendant filed its appellee's brief along with a notice of cross-appeal. The cross-appeal challenged the appellate court's answer to the first certified question and part of the appellate court's analysis of the second certified question.

¶ 69        The majority never mentions that a cross-appeal has been filed in this court. Instead, they characterize the issues raised in the cross-appeal as "other issues urged upon us" by the defendant. *Supra* ¶ 39. The majority then states that it is exercising its "discretion" not to address the issues raised by defendant, based on the fact that the third certified question was "the only certified question upon which a certificate of importance was issued." *Supra* ¶ 39. These statements represent a fundamental misunderstanding of the nature of an appeal under Illinois Supreme Court Rule 316.

¶ 70        The appellate court has the authority to issue a certificate of importance in a case pursuant to article VI, section 4(c), of the Illinois Constitution of 1970 (Ill. Const. 1970, art. VI, § 4(c)) and Illinois Supreme Court Rule 316 (eff. Dec. 6, 2006). Article VI, section 4(c) provides that "[a]ppeals from the Appellate Court to the Supreme Court are a matter of right *** if a division of the Appellate Court certifies that *a case* decided by it involves a question of such importance that *the case* should be decided by the Supreme Court." (Emphases added.) Ill. Const. 1970, art. VI, § 4(c). Rule 316 similarly provides that an appeal from the appellate court "*shall lie to the Supreme Court* upon the certification by the Appellate Court that *a case* decided by it involves a question of such importance that it should be decided

- 23 -

by the Supreme Court." (Emphases added.) Ill. S. Ct. R. 316 (eff. Dec. 6, 2006). Thus, under our constitution, when the appellate court issues a certificate of importance to this court, this court assumes jurisdiction of the whole case. *Hubble v. Bi-State Development Agency of the Illinois-Missouri Metropolitan District*, 238 Ill. 2d 262, 267 (2010) (citing *O'Casek v. Children's Home & Aid Society*, 229 Ill. 2d 421, 436 (2008), and *People v. Crawford Distributing Co.*, 78 Ill. 2d 70, 73 (1979)).

¶ 71 Because an appeal pursuant to Rule 316 is of the entire case, it is neither necessary nor appropriate for the appellate court to certify a particular question or questions in its order granting a certificate of importance. *Nowicki v. Union Starch & Refining Co.*, 54 Ill. 2d 93, 95 (1973). Further, the appellate court's certification does not limit the scope of our review. *Id.* at 100 (Goldenhersh, J., dissenting, joined by Ward, J.) (citing *Schatz v. Abbott Laboratories*, *Inc.*, 51 Ill. 2d 143 (1972)). Accordingly, the majority errs in viewing the appellate court's certification as limited only to the third certified question. The entire case is now before us as a matter of right, including defendant's cross-appeal. The majority does not find that this court lacks jurisdiction to consider the cross-appeal. Therefore, this court has no discretion to refuse to address the issues raised in the cross-appeal.

¶ 72                    III. Vacation of Appellate Court's Judgment

¶ 73 The majority exacerbates its errors in this case by vacating the entirety of the appellate court's judgment, including the appellate court's answers to the first and second certified questions. The majority takes this unusual and unnecessary step after expressly declining to consider the merits of the certified questions. There is no finding by the majority that the appellate court erred in granting review of the first and second questions or that the answers were incorrect. Thus, this court is now vacating a portion of the judgment of the appellate court for no legal reason whatsoever. If the majority believes it is improper for this court to consider the merits of the appellate court's judgment regarding the first and second questions, then the majority should simply let that portion of the appellate court judgment stand.

¶ 74        IV. Appellate Procedure Involving a Rule 316 Certificate of Importance

¶ 75        Finally, I cannot agree with the majority that it was improper for the plaintiff to seek, and for the appellate court to allow, an appeal to the supreme court under Rule 316 in a case involving a certified question under Rule 308. The majority holds that "Rule 315 is the procedural avenue that should be followed where, as here, a litigant seeks review of an appellate court's ruling on a certified question under Rule 308." *Supra* ¶ 38. Because plaintiff sought a certificate of importance from the appellate court rather than filing a petition for leave to appeal under Rule 315, the majority finds that the issues in this appeal "should not be before [this court] at this time or in this manner." *Supra* ¶ 39.

¶ 76        The problem with the majority's holding is that nothing in our constitution or our rules limits a party's right of appeal in this way. Rule 316 is a legitimate avenue for appeal that negates the necessity for a party to pursue a discretionary appeal. The constitution authorizes a division of the appellate court to issue a certificate of importance whenever it finds that the case involves a question of such importance that it should be decided by the supreme court. Ill. Const. 1970, art. VI, § 4(c). Such an appeal is before this court as a matter of right. *Id.*

¶ 77        The majority cites no case law to support the notion that Rule 315 is the proper procedural avenue for seeking review of an appellate court's answer to a question certified under Rule 308. In fact, this court has issued opinions in other cases involving certified questions that came before us through a Rule 316 certificate of importance. In deciding these cases, this court did not comment on the parties' decision to seek a certificate of importance rather than a discretionary appeal through Rule 315. See, *e.g.*, *Hubble*, 238 Ill. 2d 262; *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72 (1995).

¶ 78        The fact that, as the majority states, the "vast majority" of cases involving Rule 308 questions have "reached this court by Illinois Supreme Court Rule 315, not Rule 316" (*supra* ¶ 34), does not lead to the conclusion that Rule 315 is the "procedural avenue that should be followed" (*supra* ¶ 38) in these cases. Rather, it is evidence that the appellate court understands that it is appropriate for it to exercise its power under Rule 316 sparingly and only under exceptional circumstances. The availability of Rule 315 as an avenue of recourse does not preclude a party from filing a motion for a certificate of importance under Rule 316,

nor does it prevent the appellate court from issuing a certificate. To the extent that the majority implies otherwise, it is incorrect.

¶ 79 It is not this court's place to prevent future litigants from availing themselves of a right of appeal written into our state constitution. Plaintiff did nothing wrong in seeking a certificate of importance in this case, and the appellate court did not err in granting one.

¶ 80 For the foregoing reasons, I respectfully dissent.

¶ 81 JUSTICES FREEMAN and THOMAS join in this dissent.