**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210421-U

Order filed May 15, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| CORTNEY MIMS, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW DeWILDE and KAREN SEMBDNER, | ) | Appeal No. 3-21-0421 |
| | ) | Circuit No. 19-L-568 |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Andrew DeWilde, | ) | The Honorable |
| | ) | Roger D. Rickmon, |
| Defendant, Appellee). | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Brennan and Hettel concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The certified question sought application of law to the facts of the case and was therefore an inappropriate question under Supreme Court Rule 308; accordingly, the appeal is dismissed.

¶ 2    The plaintiff, Cortney Mims, filed a civil action against the defendants, Andrew DeWilde and Karen Sembdner, based on DeWilde's alleged sexual abuse of Mims when she was a minor.

Mims filed a motion that sought to use, in DeWilde's deposition, a letter he wrote to Mims in which he apologized for the sexual abuse. The circuit court denied the motion and certified a question for this court regarding whether the apology letter and another letter were admissible under the Juvenile Court Act of 1987. We dismiss the appeal.

¶ 3                                                   I. BACKGROUND

¶ 4        On July 31, 2019, Mims filed a three-count civil complaint against the defendants. The complaint alleged that on numerous occasions in or around 2003, when Mims was approximately 3 years old and DeWilde was approximately 14 years old, DeWilde babysat for Mims and sexually assaulted her. DeWilde's actions included placing his penis into Mims's mouth and touching her vagina with his hands.

¶ 5        Count I of the complaint alleged childhood sexual abuse of Mims by DeWilde. Count II alleged that DeWilde's actions violated the Illinois Gender Violence Act (740 ILCS 82/1 *et seq.* (West 2018)). Count III alleged negligence against Sembdner, in part due to her knowledge of DeWilde sexually abusing other minors before he sexually abused Mims.

¶ 6        Significantly, the complaint also alleged that DeWilde later wrote a letter to Mims in which he apologized for his actions (the Apology Letter). The handwritten Apology Letter was dated February 5, 2001, and stated the following:

> "Dear Cortney,
>
> I want to say I'm sorry for putting my private in your mouth. I also want to apologize for putting my private on your private. It was completely my fault and you are not to blame for my actions. I'm sorry if you feel sad, or mad at me for what I did. I feel it was wrong for me to do. I went to treatment where I learned ways to avoid situations where things like this

could happen again. I also learned about thinking errors such as thinking it was okay and that I could get away with it without anyone knowing. I learned what I needed to prevent this from happening in the future, and I wish you the best. Always tell if someone hurts you.

Sincerely,
Andrew"

Nothing in the record provided on appeal indicates that the Apology Letter was ever delivered to Mims.

¶ 7        During pretrial matters, an evidentiary issue arose regarding the Apology Letter because Mims sought to use it during DeWilde's deposition. DeWilde's attorney objected to its use, and Mims filed a motion with the circuit court that sought a ruling on whether the Apology Letter could be used. The motion also attached a letter from the Will County State's Attorney's Office (the State's Attorney's Letter) for background purposes. Dated February 7, 2008, the State's Attorney's Letter was from a Will County Assistant State's Attorney and contained a request for the Kane County State's Attorney to aid in getting the Kane County Probation Department to release three letters written by DeWilde to his victims, including Mims. Mims's mother was copied on the letter. The State's Attorney's Letter also stated that DeWilde wrote those letters as a part of a plea deal in which he pled guilty to one count of aggravated criminal sexual abuse and the State agreed to drop charges related to two other victims.

¶ 8        DeWilde's attorney argued that the letters were improperly obtained in violation of the Juvenile Court Act of 1987 (the Act) and therefore were inadmissible in Mims's civil action. Additionally, DeWilde's attorney stated that on February 8, 2008, the Kane County circuit court denied without prejudice a motion filed by "victim's mother Crystal Mims" in a juvenile proceeding, Kane County circuit court case number 07-JD-538, that sought the release of the

3

Apology Letter. The court denied the motion because "there is no medical provider who has provided information that [the release of the letter] would be beneficial to the victim."

¶ 9 On July 22, 2021, the Will County circuit court held a hearing on Mims's motion to compel use of the Apology Letter at DeWilde's deposition. No transcript of the hearing has been provided on appeal. The hearing resulted in the court's written order denying the motion and prohibiting any use of the Apology Letter and the Will County Letter in the case. The court also granted leave for Mims to file an interlocutory appeal. In August, the court then certified the following question for appeal under Illinois Supreme Court Rule 308(a) (eff. Oct. 1, 2019):

> "Whether the two juvenile records in question, identified previously in the record as Defendant's Apology Letter and the State's Attorney's Letter, may be used against the defendant in a civil proceeding arising out of the same incident which gave rise to the juvenile court proceeding under 705 ILCS 405/5-150 where the defendant has denied the allegations of the complaint."

On October 12, 2021, this court granted Mims's application for leave to appeal.

¶ 10 II. ANALYSIS

¶ 11 In relevant part, Illinois Supreme Court Rule 308(a) provides:

> "When the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved." Ill. S. Ct. R. 308(a) (eff. Oct. 1, 2019).

4

Certified questions brought pursuant to Rule 308(a) are reviewed *de novo*. *Apollo Real Estate Investment Fund, IV, L.P. v. Gelber*, 398 Ill. App. 3d 773, 778 (2009).

¶ 12 A certified question is improper if its resolution involves the application of law to the facts of the case. *Rozsavolgyi v. City of Aurora*, 2017 IL 121048, ¶ 21. Our supreme court has also stated:

> "the appellate court serves as a gatekeeper and must carefully question whether the case before it warrants consideration outside the usual process of appeal. In fact, after allowing permissive interlocutory review, the appellate court at times has vacated its order allowing leave to appeal upon reconsideration of its decision to allow permissive interlocutory review."
> *Id.* ¶ 23.

¶ 13 The question certified by the circuit court involves section 5-150 of the Act, which provides, in relevant part, that "[e]vidence and adjudications in proceedings under this Act shall be admissible *** in civil proceedings concerning causes of action arising out of the incident or incidents which initially gave rise to the proceedings under this Act" (705 ILCS 405/5-150(d) (West 2018)). The certified question asks for the application of section 5-150 of the Act to the facts of this case—specifically, whether the Apology Letter and the State's Attorney's Letter are admissible into evidence in Mims's civil case—and therefore is not an appropriate question under Rule 308. See *Rozsavolgyi*, 2017 IL 121048, ¶ 21. Accordingly, we vacate our order and dismiss the appeal as improvidently granted.

¶ 14 III. CONCLUSION

¶ 15 In sum, we vacate our order of October 12, 2021, that allowed leave to appeal in this case and dismiss the appeal.

5

¶ 16       Appeal dismissed.