STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a/s/o Gussie Lewis *et al.*, Plaintiff-Appellee, v. NICOLE GRATER, Defendant-Appellant.

Second District No. 2—03—1355

Opinion filed August 27, 2004.

Grace E. Wein, of Wein & Associates, P.C., of Chicago, for appellant.

Robert K. Blinick, of Northbrook, for appellee.

JUSTICE BYRNE delivered the opinion of the court:

Plaintiff, State Farm Mutual Automobile Insurance Company, sued defendant, Nicole Grater, to recover payments it made to its policyholders, Gussie and Andrew Lewis. When defendant failed to appear, plaintiff obtained a default judgment. Defendant moved to vacate the judgment, contending that she was not properly served with sum-

mons. The trial court denied the motion and defendant appeals, contending that plaintiff did not strictly comply with the statute providing for service of out-of-state motorists on the Secretary of State. We affirm.

In its complaint, plaintiff alleged that defendant negligently caused an accident with plaintiff's insureds and sought to recover what it paid them. After at least two summonses were returned unserved, plaintiff moved for special service through the Secretary of State. On July 23, 2003, an alias summons issued, requesting service on defendant "c/o Secretary of State."

On July 24, 2003, plaintiff's counsel had the summons and complaint sent to the Secretary of State by registered mail. Apparently on the same day, a notice of the service and a copy of the complaint were mailed to defendant at her last known address. On July 29, 2003, an employee of the Secretary of State's office called plaintiff's counsel to acknowledge receipt of the service.

Defendant did not appear and plaintiff obtained a default judgment for $3,841.61. On October 9, 2003, defendant moved to quash service and vacate the default judgment. The trial court denied the motion, finding that notice to defendant was mailed at the same time the summons was mailed to the Secretary of State. Defendant timely appeals.

■ Defendant contends that plaintiff did not strictly comply with the statute governing substituted service on the Secretary of State and, therefore, the judgment against her is void. Of course, it is essential to the validity of a judgment that the court have both jurisdiction of the subject matter of the litigation and jurisdiction over the parties. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986). Absent a general appearance, personal jurisdiction can be acquired only by service of process in a manner prescribed by statute. *Thill*, 113 Ill. 2d at 308.

■ Section 10—301 of the Illinois Vehicle Code (625 ILCS 5/10—301 (West 2002)) provides for substituted service on an out-of-state motorist by serving the Secretary of State. This section requires strict compliance. *Allied American Insurance Co. v. Mickiewicz*, 124 Ill. App. 3d 705, 708 (1984). Section 10—301 provides in relevant part as follows:

> "(b) Service of such process shall be made by serving a copy upon the Secretary of State or any employee in his office designated by him to accept such service for him, or by filing such copy in his office, together with an affidavit of compliance from the plaintiff instituting the action, suit, or proceeding, which states that this Section is applicable to the proceeding and that the plaintiff has

complied with the requirements of this Section, and a fee of $5 and such service shall be sufficient service upon the person, if notice of such service and a copy of the process are, within 10 days thereafter, sent by registered mail by the plaintiff to the defendant, at the last known address of the defendant, and the plaintiff's affidavit of compliance herewith is appended to the summons." 625 ILCS 5/10—301(b) (West 2002).

Defendant does not dispute that plaintiff properly effected service on the Secretary of State, but she argues that plaintiff did not comply with the provision that it send notice and a copy of the process to defendant "within 10 days thereafter." Defendant notes that the notice was mailed to her on July 24, 2003, but service on the Secretary of State was not completed until July 29, 2003, when an employee of his office acknowledged receiving the summons. According to plaintiff, "within 10 days thereafter" means that the notice must be sent during a 10-day period after the service is completed. Thus, the notice mailed five days before the service was completed did not strictly comply with the statute.

Plaintiff responds that "within 10 days thereafter" sets a deadline for providing the notice, so that a notice sent anytime before that date will be timely. Plaintiff asserts that the purpose of the notice provision is to provide the best notice possible and that it would be absurd to penalize it for providing "too much" notice. We agree.

The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Paris v. Feder*, 179 Ill. 2d 173, 177 (1997). The best evidence of legislative intent is the statutory language. *People v. Donoho*, 204 Ill. 2d 159, 171 (2003). In giving effect to legislative intent, the court should consider, in addition to the statutory language, the reason for the law, the problems to be remedied, and the objects and purposes sought. *People v. Haywood*, 118 Ill. 2d 263, 271 (1987). A statute is ambiguous if it is subject to two or more reasonable interpretations. *People v. Holloway*, 177 Ill. 2d 1, 8 (1997). The court can consult interpretive aids when construing an ambiguous statute. *People v. Whitney*, 188 Ill. 2d 91, 97-98 (1999). Courts presume that the General Assembly, in passing legislation, did not intend absurdity, inconvenience, or injustice. *People ex rel. Madigan v. Dixon-Marquette Cement, Inc.*, 343 Ill. App. 3d 163, 171 (2003). The interpretation of a statute is reviewed *de novo*. *Donoho*, 204 Ill. 2d at 172.

■ We hold that "within 10 days thereafter" is ambiguous. The interpretations the parties advance are equally plausible. One dictionary definition of "within" is "before the end of <gone ~ a week>." Merriam-Webster's Collegiate Dictionary 1355 (10th ed.

2001). This indicates a deadline rather than a specific time period. Conversely, courts have interpreted the requirement of Supreme Court Rule 604(d) that a motion to withdraw a guilty plea must be filed, if at all, "within 30 days of the date on which sentence is imposed" (188 Ill. 2d R. 604(d)) to mean that the motion must be filed *after* sentencing. See *People v. Ramage*, 229 Ill. App. 3d 1027, 1030 (1992).

■ Considering the purpose of the statute, the more reasonable construction is that which makes "within 10 days" a deadline rather than a specific time period. The goal of the provision is to provide the best notice possible to the out-of-state defendant. Thus, providing notice at the earliest date should be encouraged, not discouraged. In this context, it would be absurd to hold that a notice dropped in the mail one minute before the summons arrives at the Secretary of State's office is ineffective, while one mailed 10 days after the service is completed is valid.

We agree with the trial court that "within 10 days thereafter" means any time until 10 days after service on the Secretary of State. Accordingly, the notice in this case, sent five days before the service was completed, was effective. As a result, the service was also valid and the trial court obtained jurisdiction over defendant.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

BOWMAN and CALLUM, JJ., concur.