NOTICE

Decision filed 09/08/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 190533-U

NO. 5-19-0533

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| FRANZ B. ENNS and SARA ENNS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellees, | ) | Madison County. |
| | ) | |
| v. | ) | |
| | ) | No. 15-L-635 |
| JOHN J. JACKSON and AUGUSTA LOGISTICS, INC., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | David A. Hylla, |
| (Augusta Logistics, Inc., Defendant-Appellant). | ) | Judge, presiding. |

_____

PRESIDING JUSTICE WELCH delivered the judgment of the court.
Justices Moore and Overstreet concurred in the judgment.

**ORDER**

¶ 1    *Held*: Leave to file an interlocutory appeal was improvidently granted where our determination would be dependent upon the specific underlying facts of this case.

¶ 2    This appeal arises from the circuit court of Madison County's order denying the petition for relief from judgment as to the defendant, Augusta Logistics, Inc. (ALI). Because this cause comes before us pursuant to Illinois Supreme Court Rule 308 (eff. July 1, 2017), our review is strictly limited to the certified question of whether the trial court erred when it found it obtained personal jurisdiction over ALI through the plaintiffs'

1

service of process pursuant to section 5.25(c) of the Business Corporation Act of 1983 (805 ILCS 5/5.25(c) (West 2018)).[1] On December 20, 2019, ALI filed a petition for leave to appeal pursuant to Illinois Supreme Court Rule 308 (eff. July 1, 2017), which this court granted. For the reasons that follow, we vacate our order granting leave to appeal as it was improvidently entered and dismiss the appeal.

¶ 3                                  I. BACKGROUND

¶ 4     On May 19, 2015, the plaintiffs, Franz B. Enns and Sara Enns, filed a complaint in the circuit court of Madison County against the defendants, ALI and John J. Jackson. The complaint alleged that on April 9, 2014, Jackson—while acting in his scope of employment with ALI—negligently operated a tractor-trailer in Madison County resulting in a collision with the plaintiffs' vehicle. A summons was issued and sent to both defendants.

¶ 5     On November 10, 2015, Manitoba Public Insurance Company (Manitoba)—the plaintiffs' insurer at the time of the collision—filed a motion to intervene, which was subsequently granted, and its complaint was deemed filed *instanter*. Manitoba filed with the clerk of court an affidavit of a special process server who served Bobby Veltchev, ALI's registered agent, and ALI on June 6, 2016. On June 8, 2016, the plaintiffs filed a motion for default judgments against both defendants. Attached to the motion were an affidavit of compliance for service through the Secretary of State regarding ALI and proof of service on Jackson through the Secretary of State dated February 2, 2016.

---

[1]The court also certified the question of whether the trial court erred when it found that it had not obtained personal jurisdiction over the defendant John J. Jackson. That question is the subject of *Enns v. Jackson*, 2020 IL App (5th) 190538-U.

2

¶ 6    On July 28, 2016, the trial court granted the plaintiffs' motion against both defendants. On September 26, 2016, Manitoba filed a motion for default judgment against ALI, which the court granted, in the amount of $124,936.72. On December 12, 2016, after hearing testimony and reviewing the evidence submitted, the court entered judgment in favor of Franz in the amount of $660,200 and in favor of Sara in the amount of $50,000, finding both defendants jointly liable.

¶ 7    On September 21, 2018, the defendants filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)). As to ALI, the petition alleged that the plaintiffs failed to properly effectuate service under the requirements of section 5.25 of the Business Corporation Act of 1983 (Act) (805 ILCS 5/5.25 (West 2018)) where the plaintiffs failed to strictly comply with the requirements of service under the Act. Specifically, that plaintiffs failed to send a copy of process to "such address the use of which the person instituting the action, suit or proceeding knows or, on the basis of reasonable inquiry, has reason to believe, is most likely to result in actual notice." *Id*. § 5.25(c)(2)(ii). On October 2, 2018, the plaintiffs responded, arguing that the petition should be denied as it failed to satisfy the requirements of section 2-1401 of the Code as it was not "supported by affidavit or other appropriate showing as to matters not of record." *Id*. § 2-1401(b).

¶ 8    On May 20, 2019, following a hearing, the trial court issued a written order denying the petition for relief from judgment as to ALI. The order cited both section 2-204 of the Code (735 ILCS 5/2-204 (West 2018)) and section 5.25 of the Act (805 ILCS 5/5.25 (West 2018)) as the applicable law. Specifically, it addressed ALI's argument and found that the

3

plaintiffs determined from the Secretary of State that ALI's registered agent was Bobby Veltchev at 1112 Castilian Ct., apartment 216, Glenview, Illinois, and sent the substitute alias summons there by certified mail. A person signed for the service with the signature "Tammy B.V.," the same initials as Bobby Veltchev. Additionally, Manitoba was able to serve Veltchev at the same address, which is also the last known registered address with the Secretary of State. Therefore, the plaintiffs served ALI at an address at which the registered agent actually resided, and as such, there would be no other address likely to result in actual notice to Veltchev other than his actual place of residence.

¶ 9 On June 18, 2019, ALI filed a motion to certify question for appeal arguing that the trial court failed to obtain personal jurisdiction over it and that its denial of ALI's petition for relief from judgment was error. Furthermore, certification of the question would materially advance the litigation as reversal of the court's order would require the plaintiffs to fully prosecute their claims after achieving proper service on ALI. On August 22, 2019, the plaintiffs filed their response to ALI's motion arguing that the court's decision was correct and that certification of the question would not materially advance the litigation. A hearing was held on the matters, and the court granted ALI's motion to certify question for appeal. On November 22, 2019, the court issued a written order certifying the two questions for appeal. On January 22, 2020, this court granted ALI's application for leave to appeal under Illinois Supreme Court Rule 308 (eff. July 1, 2017).

¶ 10                                    II. ANALYSIS

¶ 11 Illinois Supreme Court Rule 308 (*id.*) vests the appellate court with the discretion to hear an appeal "[w]hen the trial court, in making an interlocutory order not otherwise

4

appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Certified questions under Rule 308 are questions of law reviewed *de novo*. *Rozsavolgyi v. City of Aurora*, 2017 IL 121048, ¶ 21. Certified questions must not seek the application of law to specific facts of a case. *Id*. The appellate court should not address questions that would result in an advisory or provisional answer. *Id*. Appeals under Rule 308 should be reserved for exceptional circumstances and sparingly used. *Id*.

¶ 12    Here, the certified question on appeal is whether the trial court erred when it found that it had obtained personal jurisdiction over ALI pursuant to section 5.25 of the Act (805 ILCS 5/5.25 (West 2018)). ALI argues that the court erred in finding that the plaintiffs had effectuated service under the Act where they failed to send a copy of process to both "the last registered office of the corporation as shown by the records on file in the office of the Secretary of State; and *** [a]t such address the use of which the person instituting the action, suit or proceeding knows or, on the basis of reasonable inquiry, has reason to believe, is most likely to result in actual notice," as a copy of process was sent to only one address. See *id*. § 5.25(c)(2)(i), (ii). By failing to find an additional address that was most likely to result in actual notice, the plaintiffs failed to strictly comply with the requirements of the Act, and the court's finding that service at one address satisfied both requirements was error.

¶ 13    Section 5.25 of the Act (*id*. § 5.25) provides a statutory method of service of process for domestic or foreign corporations.

"§ 5.25. Service of process on domestic or foreign corporation.

(a) Any process, notice, or demand required or permitted by law to be served upon a domestic corporation or a foreign corporation having authority to transact business in this State may be served either upon the registered agent appointed by the corporation or upon the Secretary of State as provided in this Section.

(b) The Secretary of State shall be irrevocably appointed as an agent of a domestic corporation or of a foreign corporation having authority upon whom any process, notice or demand may be served:

(1) Whenever the corporation shall fail to appoint or maintain a registered agent in this State, or

(2) Whenever the corporation's registered agent cannot with reasonable diligence be found at the registered office in this State, or

(3) When a domestic corporation has been dissolved, the conditions of paragraph (1) or paragraph (2) exist, and a civil action, suit or proceeding is instituted against or affecting the corporation within the five years after the issuance of a certificate of dissolution or the filing of a judgment of dissolution,

* * *

(c) Service under subsection (b) shall be made by:

(1) Service on the Secretary of State, or on any clerk having charge of the corporation division of his or her office, of a copy of the process, notice or demand, together with any papers required by law to be delivered in connection with service, and a fee as prescribed by subsection (b) of Section 15.15 of this Act;

(2) Transmittal by the person instituting the action, suit or proceeding of notice of the service on the Secretary of State and a copy of the process, notice or demand and accompanying papers to the corporation being served, by registered or certified mail:

(i) At the last registered office of the corporation as shown by the records on file in the office of the Secretary of State; and

(ii) At such address the use of which the person instituting the action, suit or proceeding knows or, on the basis of reasonable inquiry, has reason to believe, is most likely to result in actual notice * * *." *Id*.

The plain language of the statute requires plaintiff to send a copy of process to both the last registered office of the corporation on file with the Secretary of State and an address most likely to result in actual notice.

¶ 14    Here, the trial court found that the requirements of the Act were met as the address on file with the Secretary of State was also the address that was most likely to result in

actual notice as it was the residential address of the corporation's agent and Manitoba was in fact able to personally serve the registered agent there. ALI argues that the Act requires notice be sent to two addresses: the last registered address on file with the Secretary of State and an alternative address likely to result in actual notice. The "alternative address" language used by ALI does not appear in the plain language of the Act, and it cites no caselaw supporting this argument.

¶ 15   In order for this court to determine whether the trial court erred in finding it had obtained personal jurisdiction over ALI, we would have to look to the specific underlying facts of this case, as it is not disputed that service under section 5.25 of the Act would effectuate proper service over a corporation, should all of the requirements be met. For example, we would have to determine whether the residential address of ALI's agent was also an address that was most likely to result in actual notice. This does not amount to a question of law for which there is substantial ground for difference of opinion as required by Rule 308. Ill. S. Ct. R. 308 (eff. July 1, 2017). For this reason, and because the certified question cannot be resolved without the application of law to specific facts, this court should refrain from answering. We cannot conclude that the certified question before us presents such exceptional circumstances as required by Rule 308 to warrant consideration outside of the usual appeal process. *Id*.

¶ 16                                III. CONCLUSION

¶ 17   Accordingly, our order of January 22, 2020, allowing leave to appeal in the instant case is vacated as having been improvidently entered, and this appeal is dismissed.

¶ 18    Order vacated; appeal dismissed.