NOTICE
Decision filed 09/08/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 190538-U

NO. 5-19-0538

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| FRANZ B. ENNS and SARA ENNS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | Madison County. |
| | ) | |
| v. | ) | |
| | ) | No. 15-L-635 |
| JOHN J. JACKSON and AUGUSTA LOGISTICS, INC., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | David A. Hylla, |
| (Augusta Logistics, Inc., Defendant-Appellee). | ) | Judge, presiding. |

_____

PRESIDING JUSTICE WELCH delivered the judgment of the court.
Justices Moore and Overstreet concurred in the judgment.

**ORDER**

¶ 1    *Held*: Leave to file an interlocutory appeal was improvidently granted where our determination would be dependent upon the specific underlying facts of this case.

¶ 2    This appeal arises from the circuit court of Madison County's order vacating default judgment against the defendant, John J. Jackson, pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)).  Because this cause comes before us pursuant to Illinois Supreme Court Rule 308 (eff. July 1, 2017), our review is strictly limited to the certified question of whether the trial court erred when it found that

1

it had not obtained personal jurisdiction over Jackson.[1]  For the reasons that follow, we vacate our order granting leave to appeal as it was improvidently entered and dismiss the appeal.

¶ 3                                    I. BACKGROUND

¶ 4     On May 19, 2015, the plaintiffs, Franz B. Enns and Sara Enns, filed a complaint in the circuit court of Madison County against the defendants, Augusta Logistics, Inc. (ALI), and John J. Jackson.  The complaint alleged that on April 9, 2014, Jackson—a Michigan resident—negligently operated a tractor-trailer in Madison County resulting in a collision with the plaintiffs' vehicle.  A summons was issued and sent to both defendants.  On September 11, 2015, and again on January 12, 2016, an alias summons was issued for Jackson.  Jackson was subsequently served on February 2, 2016, through the Illinois Secretary of State's office.

¶ 5     On June 8, 2016, the plaintiffs filed a motion for default judgments against both defendants.  Attached to the motion were an affidavit of compliance for service through the Secretary of State regarding ALI and proof of service on Jackson through the Secretary of State dated February 2, 2016.  On July 28, 2016, the trial court granted the motion against both defendants.  On December 12, 2016, after hearing testimony and reviewing the evidence submitted, the court entered judgment in favor of Franz in the amount of $660,200 and in favor of Sara in the amount of $50,000, finding both defendants jointly liable.

---

[1]The court also certified the question of whether it erred when it found it obtained personal jurisdiction over the defendant Augusta Logistics, Inc., through the plaintiffs' service of process pursuant to 805 ILCS 5/5.25(c) (West 2018).  That question is the subject of *Enns v. Jackson*, 2020 IL App (5th) 190533-U.

¶ 6     On September 21, 2018, the defendants filed a petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2018)).  As to Jackson, the petition alleged that the plaintiffs failed to properly effectuate service under the requirements of section 2-203.1 of the Code in that they failed to file with the trial court "an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful" (affidavit of diligent inquiry).  *Id*. § 2-203.1.  On October 2, 2018, the plaintiffs responded, arguing that the petition should be denied as it failed to satisfy the requirements of section 2-1401 of the Code as it was not "supported by affidavit or other appropriate showing as to matters not of record."  *Id*. § 2-1401(b).

¶ 7     On May 20, 2019, following a hearing, the trial court issued a written order granting the petition for relief from judgment as to Jackson.  The order cited both section 2-203.1 of the Code (735 ILCS 5/2-203.1 (West 2018)) and section 10-301(b) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/10-301(b) (West 2018)) as the applicable law.  Specifically, it addressed Jackson's argument and found that the plaintiffs failed to produce an affidavit of diligent inquiry as required under section 2-203 of the Code.

¶ 8     On June 18, 2019, ALI filed a motion to certify question for appeal.  On August 22, 2019, the plaintiffs filed their response and a motion to reconsider, in part, the trial court's May 20, 2019, order granting the petition for relief from judgment as to Jackson.  In their

3

motion, the plaintiffs argued that service on Jackson had been effectuated under section 10-301 of the Vehicle Code, which did not require an affidavit of diligent inquiry, and the court therefore did in fact have personal jurisdiction when it entered default judgment against Jackson. In support of their motion, the plaintiffs attached: (1) the September 11, 2015, alias summons issued to Jackson; (2) a receipt from the clerk of the circuit court in Madison County showing $5 was paid for the alias summons; (3) a copy of a check in the amount of $52 made out to the Wayne County Sheriff; (4) a copy of the Illinois crash report documenting the collision; (5) a proof of a nonservice form certifying that the Wayne County Deputy Sherriff was unable to serve Jackson at the address listed on the alias summons; (6) proof of service for Jackson through the Secretary of State's office dated February 2, 2016, stating that service had been received by them for Jackson; and (7) the January 12, 2016, alias summons, an affidavit of compliance for service of process of a nonresident, and a certified mail receipt showing that the copy of process sent to Jackson was returned as not deliverable. A hearing was held on the matters, and the court granted ALI's motion to certify question for appeal and denied the plaintiffs' motion to reconsider. On November 22, 2019, the court issued a written order certifying the two questions for appeal. On January 22, 2020, this court granted the plaintiffs' application for leave to appeal under Illinois Supreme Court Rule 308 (eff. July 1, 2017).

¶ 9                                    II. ANALYSIS

¶ 10    Illinois Supreme Court Rule 308 (*id.*) vests the appellate court with the discretion to hear an appeal "[w]hen the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial

4

ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Certified questions under Rule 308 are questions of law reviewed *de novo*. *Rozsavolgyi v. City of Aurora*, 2017 IL 121048, ¶ 21. Certified questions must not seek the application of law to specific facts of a case. *Id*. The appellate court should not address questions that would result in an advisory or provisional answer. *Id*. Appeals under Rule 308 should be reserved for exceptional circumstances and sparingly used. *Id*.

¶ 11 Here, the certified question on appeal is whether the trial court erred when it found that it had not obtained personal jurisdiction over Jackson. The plaintiffs argue that the court erred in applying section 2-203 of the Code (735 ILCS 5/2-203 (West 2018)) as Jackson was instead served under section 10-301 of the Vehicle Code (625 ILCS 5/10-301 (West 2018)). In applying the wrong statute, the plaintiffs contend that the court erred where it based its ruling on the fact that the plaintiffs had failed to file an affidavit of diligent inquiry, as no such affidavit is required for effectuating service under the Vehicle Code. See *id*.

¶ 12 "Section 10-301 of the Illinois Vehicle Code (625 ILCS 5/10-301 (West 2002)) provides for substituted service on an out-of-state motorist by serving the Secretary of State. This section requires strict compliance. *Allied American Insurance Co. v. Mickiewicz*, 124 Ill. App. 3d 705, 708 (1984)." *State Farm Mutual Automobile Insurance Co. v. Grater*, 351 Ill. App. 3d 1038, 1040 (2004).

> "Service of such process shall be made by serving a copy upon the Secretary of State *** together with an affidavit of compliance from the plaintiff *** and a fee of $5 and such service shall be sufficient service upon the person, if notice of such

5

service and a copy of the process are, within 10 days thereafter, sent by registered mail by the plaintiff to the defendant, at the last known address of the defendant, and the plaintiff's affidavit of compliance herewith is appended to the summons." 625 ILCS 5/10-301(b) (West 2018).

The plain language of the statute specifically requires plaintiff to send a copy of process to defendant's last known address via registered mail. *Id.* Sending the copy of process via certified mail does not satisfy the statutory requirements to effectuate service under this section. *Burton v. Autumn Grain Transport, Inc.*, 222 Ill. App. 3d 755, 757 (1991); see *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991).

¶ 13    Here, the trial court correctly found that the plaintiffs failed to satisfy section 2-203.1 of the Code in failing to file an affidavit of diligent inquiry and that service was therefore not effectuated under that section. However, the court's analysis does not address whether service was effectuated under the substitute service requirements prescribed in section 10-301 of the Vehicle Code. In order for this court to determine whether the trial court erred in finding it had not obtained personal jurisdiction over Jackson, we would have to look to the specific facts of the case to determine whether section 10-301 of the Vehicle Code was satisfied. For example, this court would be required to determine whether process was sent via registered mail to Jackson's last known address. This does not amount to a question of law for which there is substantial ground for difference of opinion as required by Rule 308. Ill. S. Ct. R. 308 (eff. July 1, 2017). For this reason, and because the certified question cannot be resolved without the application of the law to specific facts, this court should refrain from answering. We cannot conclude that the certified question

before us presents such exceptional circumstances as required by Rule 308 to warrant consideration outside of the usual appeal process. *Id*.

¶ 14                              III. CONCLUSION

¶ 15    Accordingly, our order of January 22, 2020, allowing leave to appeal in the instant case is vacated as having been improvidently entered, and this appeal is dismissed.


¶ 16    Order vacated; appeal dismissed.