# Illinois Official Reports

## Appellate Court

---

### *Coldwater v. Village of Elwood*, 2020 IL App (3d) 190247

---

| | |
|---|---|
| Appellate Court Caption | LARRY COLDWATER, Individually, as Trustee of the H. Kathleen Coldwater Trust, Dated August 20, 2015, and as Independent Executor of the Estate of H. Kathleen Coldwater, Deceased; JULIE COLDWATER, f/k/a Julia Baum-Coldwater; COLDWATER FARMS, LLC, f/k/a Coldwater Farms Partnership, Plaintiffs-Appellants, v. THE VILLAGE OF ELWOOD and NANCY SCHULTZ VOOTS, in Her Official Capacity as Will County Clerk, Defendants-Appellees. |
| District & No. | Third District<br>No. 3-19-0247 |
| Filed | January 9, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 17-MR-3287; the Hon. John C. Anderson, Judge, presiding. |
| Judgment | Certified question answered; cause remanded. |
| Counsel on Appeal | Carl R. Buck and Lorien E. Schoenstedt, of Rathbun, Cservenyak & Kozol, LLC, of Joliet, for appellants.<br><br>James A. Murphy, of Mahoney, Silverman & Cross, LLC, of Joliet, for appellees. |

JUSTICE WRIGHT delivered the judgment of the court, with opinion. Justices Carter and McDade concurred in the judgment and opinion.

## OPINION

¶ 1      In 2007, defendant-appellee, the Village of Elwood (Village), approved and recorded an annexation ordinance that contained an incorrect legal description of the property to be annexed (Coldwater Property). The result of this incorrect legal description was a larger annexation of the Coldwater Property than was agreed to by the Village and plaintiffs-appellants (the Coldwaters) in their annexation agreement. Nearly 10 years later, the Coldwaters filed this lawsuit to nullify the annexation due to the Village's error in reciting the legal description of the Coldwater property.

¶ 2      After the Village filed a motion to dismiss under section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 2016)), the circuit court dismissed as time-barred four counts of the Coldwaters' second amended complaint. Our court granted the Coldwaters' Illinois Supreme Court Rule 308 (eff. July 1, 2017) petition on the following certified question: "Does 65 ILCS 5/7-1-46 bar parties to an annexation from correcting errors in the legal description after the one-year statutory period has passed?"

### I. BACKGROUND

¶ 4      On May 29, 2007, the Village published notice of a public hearing scheduled for June 13, 2007, pertaining to the Village's authorization of an annexation agreement between the parties. The legal description of parcel B of the Coldwater Property, which was subject to the proposed annexation, was consistent with the legal description of parcel B contained in the parties' annexation agreement.[1]

¶ 5      On June 13, 2007, the Village authorized the execution of the parties' annexation agreement and effectuated the proposed annexation by passing Elwood Ordinance No. 866 (Ordinance 866). However, the legal description of parcel B recited in Ordinance 866 was inconsistent with the legal description of parcel B in the parties' annexation agreement.[2] The result of this discrepancy was a larger annexation of parcel B than was agreed to under the parties' annexation agreement.

¶ 6      On February 14, 2008, the Village recorded Ordinance 866 in the Will County Recorder's Office with the incorrect legal description of parcel B. A plat of annexation was not included as part of this February 2008 recording. On October 23, 2008, the Village again recorded a version of Ordinance 866 containing the incorrect legal description of parcel B. This time, however, the Village recorded the correct and agreed upon plat of annexation.

¶ 7      Eight years later, on March 12, 2015, the Village recorded a "corrected" plat of annexation, which incorrectly identified parcel B. On June 5, 2017, the Village rerecorded conflicting

---

[1]Parcel A of the Coldwater Property was also annexed to the Village. However, there is no dispute over the legal description of that parcel.

[2]The legal description of parcel B contained in Ordinance 866 was also inconsistent with the published notice of public hearing, dated May 29, 2007.

versions of Ordinance 866, one dated February 14, 2008, and the other dated October 23, 2008. This time, the February 14, 2008, documents contained the correct and agreed upon legal description of parcel B. The October 23, 2008, documents contained the incorrect legal description of parcel B.

¶ 8 On September 12, 2017, the Village again recorded Ordinance 866 with the incorrect legal description of parcel B. This recording also contained the incorrect plat of annexation.

¶ 9 On December 8, 2017, the Coldwaters filed a complaint for declaratory judgment in the circuit court of Will County. The Coldwaters filed a second amended complaint on April 24, 2018.[3] The second amended complaint, filed within a year of September 12, 2017, sought to nullify the recent recording of Ordinance 866 with the incorrect legal description of parcel B.

¶ 10 On May 15, 2018, the Village filed a motion to dismiss the second amended complaint under section 2-619(a)(5) of the Code. See 735 ILCS 5/2-619(a)(5) (West 2016) ("[T]he action was not commenced within the time limited by law."). On July 31, 2018, the circuit court dismissed four counts of the second amended complaint on section 2-619(a)(5) grounds, finding:

"Said claims are barred by 65 ILCS 5/7-1-46 *** and *** are dismissed w/ prejudice. The Court sees little fairness or justice in that result, but is bound to follow the Statute and enforce the 1-year limitations period, which applies even to indirect attacks on void acts. These counts are dismissed on 2-619 grounds."[4]

¶ 11 On August 29, 2018, the Coldwaters filed a motion to reconsider, which was denied. However, the circuit court certified three questions for our review under Rule 308(a). See Ill. S. Ct. R. 308(a) (eff. July 1, 2017). We granted the Coldwaters' Rule 308 petition to review one question, namely, "Does 65 ILCS 5/7-1-46 bar parties to an annexation from correcting errors in the legal description after the one-year statutory period has passed?"

¶ 12                                              II. ANALYSIS

¶ 13 Our review of the certified question in this interlocutory appeal is governed by Rule 308(a). See *id.* By definition, certified questions under this provision are questions of law to be reviewed *de novo*. See *id.*; *Simmons v. Homatas*, 236 Ill. 2d 459, 466 (2010). Our review is strictly limited to the certified question, rather than the propriety of the parties' underlying claims. *In re Estate of Williams*, 366 Ill. App. 3d 746, 748 (2006).

¶ 14 For the sake of clarity only, we slightly modify the certified question presented. See *Rozsavolgyi v. City of Aurora*, 2017 IL 121048, ¶ 28 (supreme court acknowledging it has modified certified questions to show a proper question of law). The certified question now reads as follows: "Does 65 ILCS 5/7-1-46 bar parties to an annexation from correcting errors in the legal description [of the annexed property] after the one-year statutory period has passed?"

¶ 15 In order to answer the certified question, as modified for clarity, we consider the parties' interpretations of section 7-1-46 of the Illinois Municipal Code (65 ILCS 5/7-1-46 (West 2016)). The Coldwaters argue the one-year limitations period contained in section 7-1-46 is

---

[3]The Coldwaters' second amended complaint alleged counts of declaratory judgment, rescission, breach of contract, deprivation of property rights, and *quo warranto*.

[4]Count IV was dismissed pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2016)).

inapplicable since they are merely requesting a correction of the legal description of parcel B to comply with the annexation agreement, rather than contesting the final annexation of the Coldwater Property. The Coldwaters contend the five-year limitations period contained in section 11-15.1-4 of the Municipal Code (65 ILCS 5/11-15.1-4 (West 2016)), pertaining to the effect, enforcement, and limitations of annexation agreements, applies.[5] The Coldwaters also argue public policy requires the correction of errors made by public officials that are in conflict with annexation agreements.[6]

¶ 16    The Village responds by stating "[n]o matter how [the Coldwaters] attempt to minimize what they are seeking, the result they actually seek remains the same: an exclusion of property which has been annexed." In the Village's view, section 7-1-46 was intended to bar all challenges to annexations after the expiration of the one-year limitations period.

¶ 17    The primary objective of statutory interpretation is to "ascertain and give effect to the intent of the legislature." (Internal quotation marks omitted.) *Brunton v. Kruger*, 2015 IL 117663, ¶ 24. The best indicator of legislative intent is the language of the statute itself, which must be given its plain and ordinary meaning. *Id.* When determining the plain and ordinary meaning of the statutory language, we consider, in addition to the legislative intent, the entirety of and the subject sought to be addressed by the statute. *Hendricks v. Board of Trustees of the Police Pension Fund*, 2015 IL App (3d) 140858, ¶ 14. We may not depart from the statute's plain language by reading into it exceptions, limitations, or conditions that conflict with the expressed legislative intent. *Brunton*, 2015 IL 117663, ¶ 24. Further, unless the statutory language is ambiguous, we do not utilize extrinsic aids of statutory interpretation. *Id.*

¶ 18    When interpreting section 7-1-46 in this appeal, we need not look any further than the unambiguous language of that provision to determine legislative intent. Section 7-1-46 requires that "an action contesting either directly or indirectly the annexation of any territory to a municipality" be commenced "within one year *after the date such annexation becomes final*." (Emphasis added.) 65 ILCS 5/7-1-46 (West 2016); see also *In re Petition of the Village of Kildeer to Annex Certain Territory*, 124 Ill. 2d 533, 544 (1988) ("Once the annexation is *completed*, the party has one year, pursuant to section 7-1-46 *** to contest the annexation." (Emphasis in original.)).

¶ 19    Further, the language of section 7-1-46 indicates our legislature intended to bar actions involving "correcti[ons to] errors in the legal description [of the annexed property]" "after the one-year statutory period has passed." See 65 ILCS 5/7-1-46 (West 2016). Section 7-1-46

---

[5]Section 11-15.1-4 of the Municipal Code provides:

"Any annexation agreement *** shall be binding upon the successor owners of record of the land which is the subject of the agreement and upon successor municipal authorities of the municipality and successor municipalities. Any party to such agreement may by civil action, mandamus, injunction or other proceeding, enforce and compel performance of the agreement.

A lawsuit to enforce and compel performance of the agreement must be filed within the effective term of the agreement or within 5 years from the date the cause of action accrued, whichever time is later." 65 ILCS 5/11-15.1-4 (West 2016).

[6]In their reply brief, the Coldwaters also argue the Village's actions have been inconsistent with its own view of this case. If the Village believes section 7-1-46 is an absolute bar to contesting annexations after one year, then the Village violated that provision by rerecording the correct and incorrect legal descriptions of parcel B after the one-year limitations period passed.

provides: "The limitation set forth in this section *shall apply to any annexation \*\*\* irrespective of whether such annexation may otherwise be defective or void \*\*\**."[7] (Emphasis added.) *Id.*

¶ 20 Clearly, the legislature intended for section 7-1-46 to have a broad reach. As applied to the certified question in this appeal, the "limitation set forth in [section 7-1-46] *shall* apply" "irrespective" of whether the annexation was "defective or void" due to errors in stating the legal description of the annexed property. (Emphasis added.) See *id.* Once an annexation is final, "defective" or not, section 7-1-46's limitations period takes effect. Thus, we answer the modified certified question as follows: section 7-1-46 bars parties to an annexation from correcting errors in the legal description of an annexed property after the one-year statutory period has passed.

¶ 21 Notably, our interpretation, after considering the statutory language in the context of the entire statute, does not render section 11-15.1-4 of the Municipal Code, pertaining to the effect, enforcement, and limitations of annexation agreements, inoperative. See *Hendricks*, 2015 IL App (3d) 140858, ¶ 14. Section 11-15.1-4 of the Municipal Code is available to compel performance of and enforce issues arising from annexation agreements not involving contests to *final* annexations under section 7-1-46. See 65 ILCS 5/11-15.1-4, 11-15.1-2, 7-1-46 (West 2016).

¶ 22 At this juncture, we observe the modified certified question does not, and indeed could not, address the issue of when the annexation in this case became "final" or "completed" for purposes of the one-year limitations period. See *id.* § 7-1-46; see also *Village of Kildeer*, 124 Ill. 2d at 544. This is an issue for the circuit court.

¶ 23                                 III. CONCLUSION

¶ 24 For the foregoing reasons, we answer the modified certified question as follows: section 7-1-46 bars parties to an annexation from correcting errors in the legal description of an annexed property after the one-year statutory period has passed.

¶ 25 Certified question answered; cause remanded.

---

[7]The only exception to this limitation involves the annexation of territory that was not contiguous at the time of annexation and is not contiguous at the time an action is brought to contest such annexation. See 65 ILCS 5/7-1-46 (West 2016). The contiguity of the Coldwater Property is not at issue.