2023 IL App (3d) 220178

Opinion filed March 23, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| JOSE BARAJAS and JUANA M. AGUIRRE, | ) | Appeal from the Circuit Court |
| | ) | of the 13th Judicial Circuit, |
| Plaintiffs-Appellees, | ) | La Salle County, Illinois, |
| | ) | |
| v. | ) | |
| | ) | |
| BCN TECHNICAL SERVICES, INC., f/k/a | ) | |
| W. Bliss Company, a Foreign Corporation; | ) | |
| ROCKFORD SYSTEMS, LLC, a Domestic | ) | |
| Corporation; BOS MACHINE TOOL | ) | |
| SERVICES, INC., a/k/a Bus Machinery, a | ) | |
| Domestic Corporation; ELMORE ELECTRIC, | ) | |
| INC., a Domestic Corporation; ROCKFORD | ) | |
| SYSTEMS, INC., Formerly an Illinois | ) | |
| Corporation; RMS LIQUIDATING, INC., | ) | |
| formerly an Illinois Corporation; RMS OF | ) | |
| ILLINOIS, INC., Formerly an Illinois | ) | |
| Corporation; MICHEAL E. PROVI TRUST | ) | Appeal No. 3-22-0178 |
| NO. 2008, a Revocable Inter Vivos Trust | ) | Circuit No. 19-L-117 |
| Created and Existing Under the Laws of the | ) | |
| State of Illinois; MICHAEL B. PROVI, an | ) | |
| Individual Resident of the State of Illinois; and | ) | |
| RICHARD PROVI, on Information and Belief, | ) | |
| an Individual Principal Involved in Rockford | ) | |
| Systems, Inc., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Rockford Systems, Inc., Formerly | ) | |
| an Illinois Corporation; RMS LIQUIDATING, | ) | |
| INC., Formerly an Illinois Corporation; and | ) | |
| RMS OF ILLINOIS, INC., Formerly an | ) | |
| Illinois Corporation, | ) | Honorable |
| | ) | Joseph P. Hettel |
| Defendants-Appellants). | ) | Judge, Presiding. |

JUSTICE DAVENPORT delivered the judgment of the court, with opinion.
Justices Brennan and Peterson concurred in the judgment and opinion.

_____

## OPINION

¶ 1      This interlocutory appeal arises out of a personal injury lawsuit naming dissolved corporations as additional defendants more than five years after their dissolution. The circuit court declined to dismiss the claims against the dissolved corporations but certified two questions for our review pursuant to Illinois Supreme Court Rule 308 (eff. Oct. 1, 2019). Together, the certified questions seek to determine the viability and timeliness of the claims against the dissolved corporations. The first question asks whether section 12.80 of the Business Corporation Act of 1983 (Act), as amended in 2015 (Pub. Act 98-776, § 5 (eff. Jan. 1, 2015) (amending 805 ILCS 5/12.80)), applies retroactively to a cause of action accrued after the corporate defendant's dissolution in 2014. The second question asks whether, assuming all relation-back conditions are met (735 ILCS 5/2-616(d) (West 2020)), a dissolved corporation may be added as a defendant after the lapse of section 12.80's five-year limitations period. For the reasons stated in this opinion, we decline to answer the first question and answer a modified version of the second question.

¶ 2      I. BACKGROUND

¶ 3      A. Rockford Systems—Asset Transfer and Dissolution

¶ 4      Rockford Systems, Inc., was a company that specialized in industrial machine safeguarding. On March 21, 2014, Rockford Systems, Inc., sold its assets to Rockford Systems, LLC, a corporation formed earlier that month. Rockford Systems, Inc., changed its name to RMS Liquidating, Inc., after the sale.

¶ 5    On November 20, 2014, RMS Liquidating, Inc., and an associated entity, RMS of Illinois, Inc., voluntarily dissolved.

¶ 6                              B. Section 12.80 of the Act

¶ 7    Commonly known as the corporate survival statute, section 12.80 of the Act allows civil remedies by or against a dissolved corporation to survive for five years after dissolution. 805 ILCS 5/12.80 (West 2018).

¶ 8    In 2014, section 12.80 allowed only claims arising *before* dissolution to survive a corporation's dissolution:

> "The dissolution of a corporation *** shall not take away nor impair any civil remedy available to or against such corporation, *** for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution." 805 ILCS 5/12.80 (West 2012).

¶ 9    On January 1, 2015, section 12.80 was amended to allow claims arising *before*, *during*, and *after* dissolution to survive a corporation's dissolution:

> "The dissolution of a corporation *** shall not take away nor impair any civil remedy available to or against such corporation, *** for any right or claim existing, or any liability accrued or incurred, either prior to, at the time of, or after such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution." Pub. Act 98-776, § 5 (eff. Jan. 1, 2015) (amending 805 ILCS 5/12.80).

¶ 10                       C. Underlying Injury and Original Complaint

¶ 11    On August 4, 2017, Jose Barajas was injured in an industrial accident. On August 2, 2019, Barajas and his wife, Juana M. Aguirre (plaintiffs), sued several corporate entities, including Rockford Systems, LLC, seeking damages for injuries and loss of consortium. Plaintiffs'

complaint alleged that Barajas's right hand was severely injured by a 35-ton press, a machine whose safety apparatus was purportedly repaired, rebuilt, or otherwise maintained by Rockford Systems, LLC.

¶ 12                    D. Dismissal of All Claims Against Rockford Systems, LLC

¶ 13        In December 2019, Rockford Systems, LLC, moved to dismiss (735 ILCS 5/2-619 (West 2018)), arguing it could not be held liable under the successor liability doctrine because it had no connection to plaintiffs' allegations, having merely purchased the assets of Rockford Systems, Inc., in 2014. Specifically, Rockford Systems, LLC, argued it had never performed work in relation to the press at issue and was not a continuation of Rockford Systems, Inc., which had most recently performed work related to the press in 2009. The court granted the motion to dismiss, and Rockford Systems, LLC, is no longer a party to this case.

¶ 14                          E. Joinder of Dissolved Corporations

¶ 15        In February 2020, plaintiffs amended their complaint to add more defendants, including dissolved corporations Rockford Systems, Inc., RMS Liquidating, Inc., and RMS of Illinois, Inc., (collectively, Rockford Systems). In May 2020, Rockford Systems moved to dismiss (735 ILCS 5/2-619.1 (West 2020)), arguing, in part, that it could not be sued more than five years after its November 20, 2014, dissolution.

¶ 16        The court denied Rockford Systems' motion to dismiss, prompting Rockford Systems to seek reconsideration or, alternatively, certification of questions of law for interlocutory appeal. The court denied the motion to reconsider but agreed to certify two questions for appeal.

¶ 17                                F. Certified Questions

¶ 18        The court certified the following two questions for our review:

              "Question 1: Does the amended version of Section 12.80 of the Illinois Business

Corporations Act of 1983, 805 ILCS 5/12.80, effective January 1, 2015, apply retroactively in a cause of action against a corporation dissolved in 2014 where the plaintiff sustained his injury after the defendant corporation dissolved?

Question 2: For purposes of the five-year corporate survival period set forth in 805 ILCS 5/12.80, does a plaintiff meet the condition that a cause of action against a dissolved corporation must be commenced within five years following the dissolution where:

a) Plaintiff files a lawsuit against another defendant before the expiration of the five-year corporate survival period, and

b) Plaintiff later properly amends the complaint under the relation-back doctrine, 735 ILCS 5/2-616(d), to include the dissolved corporation as a defendant after the expiration of the corporate survival period?"

¶ 19      Rockford Systems applied for leave to appeal under Rule 308, requesting that we resolve these two certified questions. We granted its application.

¶ 20      II. ANALYSIS

¶ 21      Rule 308(a) governs the permissive interlocutory review of certified questions. *Coldwater v. Village of Elwood*, 2020 IL App (3d) 190247, ¶ 13. "By definition, certified questions under this provision are questions of law to be reviewed *de novo*." *Id.* The court's "review is strictly limited to the certified question, rather than the propriety of the parties' underlying claims." *Id.* "Certified questions must not seek an application of the law to the facts of a specific case." *Rozsavolgyi v. City of Aurora*, 2017 IL 121048, ¶ 21. "If addressing a certified question will result in an answer that is advisory or provisional, the certified question should not be reached." *Id.* "Similarly, if an answer is dependent upon the underlying facts of a case, the certified question is improper." *Id.* "Appeals under Illinois Supreme Court Rule 308 should be reserved for exceptional circumstances,

and the rule should be sparingly used." *Id.* "[T]he appellate court serves as gatekeeper and must carefully question whether the case before it warrants consideration outside the usual process of appeal." *Id.* ¶ 23.

¶ 22                                                 A. Certified Question No. 1

¶ 23        The first certified question asks whether the version of section 12.80 that took effect in 2015 (805 ILCS 5/12.80 (West 2014)) applies retroactively in an action against a corporation dissolved in 2014, where the plaintiff sustained his injury after the corporation's dissolution.

¶ 24        This question erroneously places the amended statute's retroactive application at issue. The amended statute took effect on January 1, 2015, more than two years *before* Barajas's injury—and the accrual of plaintiffs' claims—on August 4, 2017. "The crucial date for determining applicability of a statute is *** when the cause of action accrued." *Zielnik v. Loyal Order of Moose, Lodge No. 265*, 174 Ill. App. 3d 409, 411 (1988). Thus, where plaintiffs' claims accrued after the amended statute's effective date, the amended statute applies *prospectively* to their claims.

¶ 25        The first question presupposes that Rockford Systems' antecedent dissolution warrants a retroactivity analysis. This is an erroneous presupposition. It is well-established that "[a] statute is not made retroactive merely because it draws upon antecedent facts for its operation." *Cox v. Hart*, 260 U.S. 427, 435 (1922). Nor does a statute "operate retrospectively merely because it upsets expectations based on prior law." *Schweickert v. AG Services of America, Inc.*, 355 Ill. App. 3d 439, 444 (2005). Applying a law enacted in 2015 to causes of action accrued in 2017 can only be characterized as prospective. Accordingly, we decline to answer the first certified question because any answer would be advisory. See *Rozsavolgyi*, 2017 IL 121048, ¶ 21 ("If addressing a certified question will result in an answer that is advisory or provisional, the certified question should not be reached."). In view of the record before this court, a retroactivity analysis is not warranted.

¶ 26                                    B. Certified Question No. 2

¶ 27           The second certified question concerns the interplay between section 12.80 of the Act and section 2-616(d) of the Code of Civil Procedure (Code) (735 ILCS 5/2-616(d) (West 2020)). The question reads as follows:

> "For purposes of the five-year corporate survival period set forth in 805 ILCS 5/12.80, does a plaintiff meet the condition that a cause of action against a dissolved corporation must be commenced within five years following the dissolution where:
>
> > a) Plaintiff files a lawsuit against another defendant before the expiration of the five-year corporate survival period, and
> >
> > b) Plaintiff later properly amends the complaint under the relation-back doctrine, 735 ILCS 5/2-616(d), to include the dissolved corporation as a defendant after the expiration of the corporate survival period?"

¶ 28           Though at its core a proper question of law, this query is framed in a manner exalting the appeal's procedural and factual underpinnings. See *Rozsavolgyi*, 2017 IL 121048, ¶ 21 (a certified question is improper if its answer depends on a case's underlying facts). We therefore modify the certified question for conciseness and clarity. See *Coldwater*, 2020 IL App (3d) 190247, ¶ 14 (modifying certified questions presented for the sake of clarity); *In re Marriage of Wendy W.*, 2022 IL App (1st) 201000, ¶ 6 (modifying certified questions presented for conciseness and to correct for overbreadth). The question now reads as follows:

> "Under 735 ILCS 5/2-616(d) (West 2020), can an amended pleading adding a dissolved corporation more than five years after its dissolution relate back to the five-year postdissolution limitations period set forth in 805 ILCS 5/12.80 (West 2018)?"

Stated in the converse, this question asks whether the expiration of section 12.80's five-year limitations period renders a dissolved corporation beyond the reach of section 2-616(d)'s relation-back rule.

¶ 29                                     1. *Statutory Language*

¶ 30        Resolving this question requires construing the language of sections 2-616(d) and 12.80 in tandem. "The cardinal rule of statutory construction, to which all other canons and rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature." *Kunkel v. Walton*, 179 Ill. 2d 519, 533 (1997). "The most reliable indication of legislative intent is the plain language of the statute, which must be given its plain and ordinary meaning." *Lawler v. University of Chicago Medical Center*, 2017 IL 120745, ¶ 12. "When statutory language is clear and unambiguous, a court may not depart from the plain language and meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express." *Id.*

¶ 31        Section 2-616(d) of the Code provides, in pertinent part:

> "A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met ***. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." 735 ILCS 5/2-616(d) (West 2020).

¶ 32        By its clear and unambiguous language, section 2-616(d) applies to all statutory and contractual limitations periods. Section 12.80's five-year postdissolution period is no exception. Under section 12.80, an action by or against a dissolved corporation must be "commenced within

- 8 -

five years after the date of *** dissolution." 805 ILCS 5/12.80 (West 2018). Without question, the lapse of this five-year period qualifies as a "lapse of time *under any statute* or contract prescribing or limiting the time within which an action may be brought or right asserted." (Emphasis added.) 735 ILCS 5/2-616(d) (West 2020). Notably, the indefinite article "any" indicates that an unrestricted class of statutes falls within section 2-616(d)'s purview. As a member of that unrestricted class, section 12.80 must yield to section 2-616(d)'s relation-back rule.

¶ 33    Had the legislature intended to remove section 12.80's limitations period from section 2-616(d)'s purview, it could have included language in both statutes to that effect. Because neither statute includes such language, we presume the legislature did not intend to exempt section 12.80's limitations period from the purview of section 2-616(d). See *State v. Mikusch*, 138 Ill. 2d 242, 247-48 (1990) ("It is presumed that the legislature, in enacting various statutes, acts rationally and with full knowledge of all previous enactments.").

¶ 34    This court has previously observed that section 12.80's limitations period was "in essence a statute of repose." *Adams v. Employers Insurance Co. of Wausau*, 2016 IL App (3d) 150418, ¶ 11. In this regard, our supreme court has held that even a lapsed statute of repose will not render an amended pleading beyond the reach of statutory relation-back principles:

> "[T]he relation back statute does not distinguish between a statute of limitations and a statute of repose. It provides that an amendment 'shall not be barred by lapse of time under *any statute* or contract prescribing or limiting the time within which an action may be brought or right asserted.' (Emphasis added.) 735 ILCS 5/2-616(b) (West 2010)." (Emphasis in original.) *Lawler*, 2017 IL 120745, ¶ 34.

In reaching its conclusion, the *Lawler* court relied on section 2-616's expansive language. *Id.* We do the same.[1] Indeed, it matters not whether we attach the label "statute of repose," "statute of limitations," or "survival period" to section 12.80's five-year postdissolution period; the expiration of that five-year period remains a "lapse of time" subsumed under section 2-616(d)'s broad language. We are not at liberty to read into section 2-616(d) exceptions that the legislature did not express. See *id.* ¶ 12. Accordingly, we now clarify that any limitations period created by "statute or contract" falls within the purview of section 2-616(d). See 735 ILCS 5/2-616(d) (West 2020).

¶ 35                                                      2. Pielet *Footnote*

¶ 36           In support of its position, Rockford Systems highlights a footnote to *Pielet v. Pielet*, 2012 IL 112064, in which the supreme court stated, "[T]he five-year extension to a corporation's life granted by section 12.80 establishes a fixed endpoint beyond which a corporation ceases to exist. After that point, it may no longer sue or be sued." *Id.* ¶ 32 n.3. This footnote does not diminish the import of section 2-616(d)'s plain language. In fact, when viewed through a statutory lens, the footnote is congruent with this court's conclusion.

¶ 37           Consistent with section 12.80, the footnote stands for the proposition that section 12.80's extension to a corporation's life establishes a fixed endpoint beyond which *a corporation's right to sue or be sued* ceases to exist. *Id.*; see 805 ILCS 5/12.80 (West 2018) (limiting the time a dissolved corporation may sue or be sued). This, in essence, is a two-way statute of repose, which falls squarely within the ambit of section 2-616(d). See *supra* ¶ 34.

---

[1]Although the *Lawler* court construed section 2-616(b), the pertinent language in subsections (b) and (d) is virtually identical. See 735 ILCS 5/2-616(b), (d) (West 2020). Both reference a "lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted." *Id.*

¶ 38     A "fixed endpoint," moreover, is not a barrier to section 2-616(d)'s relation-back rule. Section 2-616(d) plainly allows for relation back to a date *before* the fixed endpoint of a dissolved corporation's life. See 735 ILCS 5/2-616(d) (West 2020) ("For the purpose of preserving the cause of action ***, an amendment adding the person as a defendant *relates back to the date of the filing of the original pleading* so amended." (Emphasis added.)). In other words, section 2-616(d)'s application does not prolong section 12.80's five-year limitations period nor does it shift a corporation's fixed endpoint; it merely allows relation back to a date within section 12.80's limitations period. See *Henderson-Smith & Associates, Inc., v. Nahamani Family Service Center, Inc.*, 323 Ill. App. 3d 15, 24 (2001) (imposing a legal fiction is the entire point of a relation-back provision). Further, as the *Pielet* footnote itself indicates, fixed endpoints are established by a *statutory* extension to a corporation's life. *Pielet*, 2012 IL 112064, ¶ 32 n.3. Fixed endpoints, therefore, are not impervious to section 2-616(d)'s relation-back rule because their very existence relies solely on statute. See *supra* ¶ 34.

¶ 39     Finally, it stands to reason that a corporation ceases to exist not in a corporeal sense, but in a manner dictated by statute. See *Mather v. City of Ottawa*, 114 Ill. 659, 664 (1885) ("A corporation is an artificial being, invisible, intangible, and existing only in contemplation of law." (Internal quotation marks omitted.)); see also *Callier v. Callier*, 61 Ill. App. 3d 1011, 1013 (1978) ("Corporations, which are creatures of statute, can only be dissolved according to statute."). A dissolved corporation's fixed endpoint—a product of statute—should not be construed so literally as to conjure up an image of an entity disintegrated to the point of nonretrieval. Accordingly, we reject Rockford Systems' contention that the *Pielet* footnote precludes section 2-616(d)'s application after a dissolved corporation's "fixed endpoint" has been reached.

¶ 40 We therefore answer the second certified question, as modified, in the affirmative. Where all conditions of section 2-616(d) are met, a dissolved corporation not originally named defendant may be added as a defendant notwithstanding the expiration of section 12.80's five-year postdissolution period.

¶ 41                                        III. CONCLUSION

¶ 42 For the foregoing reasons, we decline to answer the first certified question; answer the second question, as modified, in the affirmative; and remand for further proceedings.

¶ 43 First certified question not answered; second certified question modified and answered; cause remanded.

*Barajas v. BCN Technical Services, Inc.*, **2023 IL App (3d) 220178**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of La Salle County, No. 19-L-117; the Hon. Joseph P. Hettel, Judge, presiding. |
| **Attorneys for Appellant:** | Scott D. Pfeiffer, Zachary G. Shook, and Melissa H. Dakich, of Cray Huber Horstman Heil & VanAusdal LLC, of Chicago, for appellants. |
| **Attorneys for Appellee:** | James A. McPhedran and Patrick J. Herrmann, of Meyers & Flowers, LLC, of Peru, and Craig D. Brown, Thomas M. Connelly, and Christopher J. Warmbold, of Meyers & Flowers, LLC, of St. Charles, for appellees. |